64 P.(2d) 387

**ABNER MFG. CO. OF WAPAKONETA, OHIO, v. McLAUGHLIN.**

No. 4168.

Supreme Court of New Mexico.

Jan. 4, 1937.

O. P. Easterwood, of Clayton, for appellant.

O. T. Toombs, of Clayton, for appellee.

BRICE, Justice.

This suit was brought by appellant (plaintiff below), a foreign corporation, against the appellee (defendant below) to recover on a promissory note. At the close of the testimony the appellee moved for judgment of dismissal upon the ground that appellant had failed to comply with section 32-206, N.M.Sts.1929, which requires foreign corporations transacting any business in this state to file with the Corporation Commission a copy of its charter and other data, and to designate a principal office in the state and an agent upon whom process against such corporation may be served. It is provided further that, when these requirements have been complied with, the State Corporation Commission shall issue to such foreign corporation a certificate authorizing it to transact business in the state. Section 32-207, N.M.Sts. 1929, reads as follows: "Until such corporation so transacting business in this state shall have obtained said certificate from

the state corporation commission, it shall not maintain any action in this state, upon any contract made by it in this state."

The appellant claims the transaction by which a lighting system was sold, which was the consideration for the note sued on, was interstate commerce, and therefore the statutes mentioned did not apply.

The appellant sold in New Mexico fifty to seventy-five of such plants, together with fixtures and accessories, through agents who took orders signed by the purchaser and to whom the lighting plants were shipped. The manner of making such sales seems to be undisputed, and as testified to by an agent of appellant was as follows: "The agent obtains an order for the plant, its fixtures and accessories, and this order is signed by the proposed purchaser, together with a note for the amount of the purchase. The order and note are then forwarded to the office of the company in Wapakoneta, Ohio, for acceptance. If the Credit Department of the Company finds the purchaser worthy of credit, the order is then accepted by an officer of the company at its office in Wapakoneta, Ohio. After the order is accepted, the goods are shipped from the factory at Wapakoneta, Ohio, consigned to the purchaser. The installation is made by the purchaser and the order given by the purchaser definitely provides that the company is not to install the merchandise."

The district court held that this was "transacting business in the state" within the meaning of the statute mentioned; and thereupon sustained appellee's motion and entered judgment of dismissal against appellant.

It is unnecessary to cite many of the hundreds of authorities on this question. That this and like transactions are interstate commerce is held by all authority, so far as we know, and none have been cited by appellee to the contrary. We call attention to the following: Sioux Remedy Co. v. Cope & Cope, 235 U.S. 197, 35 S. Ct. 57, 59 L.Ed. 193; York Mfg. Co. v. Colley et al., 247 U.S. 21, 38 S.Ct. 430, 62 L.Ed. 963, 11 A.L.R. 611. Also see annotations in 60 A.L.R. p. 994 et seq., and 101 A.L.R. p. 126 et seq., where the authorities are collected.

It is immaterial that the purchaser's note was taken in New Mexico by the agent who made the sale. Caldwell v. State of North Carolina, 187 U.S. 622, 23 S.Ct. 229, 47 L.Ed. 336, and State v. Byles, 22 Wyo. 136, 136 P. 114. Also see annotations in 60 A.L.R. 1018, paragraph (b), page 1020 et seq., and continuations in 101 A.L.R. 126 et seq.

The case will be reversed and remanded, with instructions to the district court to enter judgment for appellant as prayed for.

It is so ordered.

HUDSPETH, C. J., and SADLER, BICKLEY, and ZINN, JJ., concur.