121 P.2d 940

**ALEXANDER FILM CO. v. PIERCE.**

No. 4651.

Supreme Court of New Mexico.

Jan. 27, 1942.

J. O. Walton, of Hobbs, for appellant.

Lee R. York, of Hobbs, for appellee.

BICKLEY, Justice.

The appellee is a foreign corporation with principal offices in Colorado Springs, Colorado. It has not obtained a certificate of authority authorizing it to transact business in New Mexico as provided by Chapter 32, N.M.S.A.1929. It engaged in the business of furnishing publicity film rental service for various merchants throughout the State of New Mexico and throughout the United States at a designated rental fee. It maintained traveling agents who traveled throughout this State and whose duty it is to contact the merchants to be served and enter into written contracts with them.

The appellant entered into a contract with the appellee wherein it was agreed that appellee would prepare motion picture and other publicity films to advertise appellant's business, which films were to be shown upon the screens of the theatres located in Hobbs, New Mexico. The contract contained the following language: "This subscription shall not be binding upon the Film Co. until countersigned and acknowledged in writing by a home office official." It sufficiently appears that the contract was countersigned by a home office official at Colorado Springs, Colorado.

Appellant had no contact with the theatres in which the films were to be shown and all arrangements for the showing of the films and the compensation paid to the theatres was made and paid by the appellee and the appellant had no control or voice in the contracts and arrangements made by the appellee with the theatres.

Appellee entered upon the performance of the contract. The appellant paid three installments for the services rendered and then refused to make any further payments. Upon filing the complaint herein the defendant (appellant) filed a plea in abatement, alleging that the plaintiff was doing business in the State of New Mexico without having first obtained a certificate of authority so to do as provided by law. The court denied the plea in abatement. Thereafter the defendant filed an answer containing denials and alleged defensive new matter, and the case was tried by the court upon stipulations of the parties, resulting in a judgment for the plaintiff.

At the close of plaintiff's case the defendant moved that the cause be dismissed for the reason that the testimony showed that the plaintiff was doing business in the State of New Mexico and did not have a certificate of authority so to do, as provided by law. Said motion was overruled.

Section 32-206, N.M.S.A.1929 Comp., requires foreign corporations transacting any

business in this state to file with the Corporation Commission a copy of its charter and other data and to designate a principal office in the state and an agent upon whom process against such corporation may be served. It is provided further that when these requirements have been complied with, the State Corporation Commission shall issue to such foreign corporation a certificate authorizing it to transact business in the state.

Section 32-207 provides as follows: "Until such corporation so transacting business in this state shall have obtained said certificate from the state corporation commission, it shall not maintain any action in this state, upon any contract made by it in this state * * *."

Appellant in his reply brief and on the oral argument urges that the appellee has injected a new issue into the case by its contention that the contract was not made in this state.

At the oral argument here, it was the announced consensus of opinion of the Justices that since the trial judge did not state his reasons for denying the plea in abatement or in overruling the motion to dismiss, if such rulings were correct upon any proper theory, the rulings and judgment should not be reversed.

Appellant was accorded the privilege of filing an additional brief in support of a contention that the contract was in fact made in this state.

We assume, without deciding, that the appellee corporation was transacting business in this state.

The question then is whether such corporation so transacting business in this state is inhibited from maintaining any action in this state upon a contract made elsewhere than in this state.

With reference to the time when and place where a contract is made, section 74 of the Restatement of the Law of Contracts says: "A contract is made at the time when the last act necessary for its formation is done, and at the place where that final act is done." 17 C.J.S., Contracts, § 356, discussing place of making, states: "As a rule, a contract is considered as entered into at the place where the offer is accepted, or where the last act necessary to a meeting of the minds or to complete the contract is performed." In 17 C.J.S., Contracts, § 356, note 34, and in 13 C.J. page 581, and corresponding note, are assembled a vast number of decisions in support of the foregoing text. There is very little precedent contra. Further in the same section of the C.J.S. text, it is stated: "A contract by an agent which requires ratification by his principal is generally considered as made at the place where the ratification is given." In Holder v. Aultman, Miller & Co., 169 U.S. 81, 18 S.Ct. 269, 42 L.Ed. 669, the court dealing with a situation similar to that in the case at bar, decided:

"Under the Michigan statute making void all contracts made in that state by

any foreign corporation which has not filed its articles of association and paid its franchise tax, a contract made elsewhere than in Michigan is valid, although it is to be performed in that state.

"A contract is made when, and not before, it has been executed or accepted by both parties, so as to become binding upon both.

"A contract signed in Michigan by the parties (one of whom is a foreign corporation which signed by its agent), which stipulates that it shall not be valid until approved at the principal office of the corporation in Ohio, is not, when so approved in Ohio, a contract made in Michigan, within its statute invalidating contracts by foreign corporations which have not filed their articles and paid a franchise tax."

Rose's Notes disclose general acquiescence in this view.

Appellant calls our attention to the following language contained in 20 C.J.S., Corporations, § 1856, which he urges as applicable to the situation in the case at bar: "However, if in performing in the state contracts made outside the state, a foreign corporation must engage in business in the state, the fact that the corporation has failed to comply with the statutory requirements will render the contract void or preclude the corporation from recovering thereon in the state courts."

We have examined the cases cited in support of this text and the corresponding C.J. text, and none of them were controlled by a statute similar to ours—in other words, the courts rendering such decisions had before them constitutional and statutory provisions not present in our statute. See also Niblack v. Seaberg Hotel Co., 42 N.M. 281, 76 P.2d 1156.

From all of the foregoing it appears that appellant's assault upon the rulings, decisions and judgment of the trial court are unavailing and that the judgment should be and it is affirmed.

The cause is remanded for such further proceedings as may be appropriate.

BRICE, C. J., and ZINN, SADLER, and MABRY, JJ., concur.