137 P.2d 309

**TRANSRADIO PRESS SERVICE, Inc., v. WHITMORE.**

No. 4750.

Supreme Court of New Mexico.

May 1, 1943.

E. E. Young, of Roswell, for appellant.

Frazier & Quantius, of Roswell, for appellee.

BICKLEY, Justice.

The plaintiff (appellant) a New York corporation, maintaining its principal place of business there, entered into a written contract to furnish the defendant, the owner and manager of a radio station in New Mexico, a certain news service described in said written contract. The contract was to continue for 18 months, and in the absence of 3 months' notice prior to the expiration of the original or any extended time thereof, given by either party to the other, should be extended for a time equal to the first term of the contract. The contract sued on and attached to the complaint as a part thereof contains 21 numbered paragraphs expressing the covenants and agreements of the parties.

Plaintiff alleges that it furnished the services contracted for and received only part payment therefor and sues for a balance alleged to be due.

The defendant filed his plea in abatement presenting the issue of non-compliance with the provisions of § 32-206, N.M. S.A.1929 (54-804, Comp.1941) and consequent abatement of the action as provided by § 32-207, Comp.1929 (54-805, Comp.1941) the material portion of which is as follows: "Until such corporation so transacting business in this state shall have obtained said certificate from the State Corporation Commission, it shall not maintain any action in this state, upon any contract made by it in this state."

The plea in abatement alleged that plaintiff had been engaged in business in this state at the time of the execution of the contract and thereafter and "that the contract sued upon was consummated in Roswell, Chaves County, New Mexico."

The plaintiff answered this plea admitting that it is a New York corporation and that it has not qualified to do business in New Mexico and alleged that it is

not doing business in this state nor was it at the time the contract sued on was executed, as contemplated by § · 32-206, N.M.S.A. 1929, and denied the allegation of the plea with reference to the alleged consummation of the contract in Roswell, New Mexico. A hearing was had upon the plea in abatement, the proofs consisting of the pleadings, stipulations of the parties and evidence given orally and by deposition.

The parties requested specific findings of facts and conclusions of law which were refused, the court making its own.

Among the findings designated as findings of fact are the following:

"3. That the contract between the Plaintiff and the Defendant whereby the Plaintiff was to furnish the said Defendant with said news service was consummated in Roswell, New Mexico, leaving only the formality of executing the written contract, and that the Defendant accepted and signed the said written contract in Roswell, New Mexico, and the Plaintiff signed the same in the State of New York after the same had been signed by the Defendant in the State of New Mexico, the said written contract carrying out the terms of the agreement entered into between the parties."

"5. That said contract was consummated in the State of New Mexico."

Subsequently an order was entered sustaining the plea in abatement and decreeing that the cause abate unless and until the plaintiff qualified to do business in the State of New Mexico.

The appellant (plaintiff) challenges the correctness of the court's findings and conclusions and decisions heretofore quoted or summarized. Appellant asserts that finding No. 5 partakes more of the nature of a conclusion of law than a finding of fact. It is perhaps a mixed conclusion of fact and law. The appellant contends that the decision in this case is controlled by our decision in Alexander Film Co. v. Pierce, 46 N.M. 110, 121 P.2d 940, where it was held:

"A contract entered into by foreign corporation with New Mexico resident for preparation of publicity films to advertise New Mexico resident's business, to be shown upon screens of theatres in New Mexico, which contract stipulated that it should not be binding upon corporation until countersigned and acknowledged in writing by a home office official, and which contract was countersigned by home office official in Colorado, was required to be considered as made in Colorado."

Appellee seeks to distinguish that decision on the ground that there is absent from the contract involved in the case at bar, the language appearing in the Alexander Film Co. contract as follows: "This subscription shall not be binding upon the Film Co. until countersigned and acknowledged in writing by a home office official." This language though relied upon to a degree in the Alexander Film Co. case is not essentially a determinative factor. The

general rule relied upon in that case is that the place of a contract is the place where the last act necessary to the completion of the contract was done.

It appears from the evidence that there were conversations in Chicago and in Roswell, and letters exchanged between the parties concerning the entering into of a contract for the service the plaintiff purposed to furnish and the defendant purposed to employ. It is equally apparent that the defendant knew that a written contract was required to be entered into. Negotiations had been conducted between the parties for several months prior to the execution of the contract. When agreement had been reached, the contract was prepared by the plaintiff in New York City, sent by mail to the defendant in New Mexico, signed by him and all copies returned to the plaintiff in New York, where plaintiff signed and executed the contract, and one copy thereof was mailed to the defendant in New Mexico.

In Philip Carey Co. v. Maryland Casualty Co., 201 Iowa 1063, 206 N.W. 808, 47 A.L.R. 495, it was held that the place where the parties agree on terms of contract is not necessarily place of contract, intention of parties being the determining factor.

In Knight Products, Inc., v. Donnen-Fuel Coal, April 30, 1940, Sup., 20 N.Y.S. 2d 135, the Supreme Court of New York had before it a similar issue of an affirmative defense of non-compliance with a New York statute prohibiting maintenance of action by a foreign corporation on contract made in state unless before making contract corporation has obtained a certificate of authority, and decided: "Where contract between Ohio corporation and New York residents was first signed by New York residents in New York and final execution by Ohio corporation was performed in Ohio, everything prior thereto fell into realm of mere negotiation and contract was required to be considered as having been executed in Ohio."

We similarly conclude in the case at bar. There are principles of policy which impel us to the conclusion that the case at bar is not an exception to the principle announced in Alexander Film Co. v. Pierce, supra. A plea in abatement, which is a plea that is not favored, is one that does not go to the merits of the action but goes only to the right to maintain that particular action. 49 C.J. Pleading, § 275. In 1 C.J., Abatement and Revival, § 7; 1 C. J.S., Abatement and Revival, § 3, it is said: "Pleas in abatement being dilatory pleas are not favored at common law, or under the codes and practice acts." In a note to the foregoing text, Lord Kenyon is quoted as saying in an English case: "The court cannot hold too strict a hand over these sort of pleadings which are calculated to defeat the justice of the case. If indeed a plea in abatement be drawn correctly the court cannot deprive the defendant of the benefit of it. But if there be the least inaccuracy in it it cannot be supported." In 49 C.J. Pleading, § 302, it is said: "The general rule is that

pleas in abatement, like other affirmative pleas, cast the burden on plaintiff or defendant pleading them." This consideration was mentioned in Knight Products, Inc., v. Donnen-Fuel Coal, supra. In an early New Mexico decision, Carter v. Territory, 1 N.M. 317, it was stated: "A plea in abatement should not only be well pleaded, but well proved also."

■ As has heretofore been noted, the contract involved in the case at bar, in order to be enforceable, must be in writing, since it could not be performed within one year from the making thereof, and therefore is within the statute of frauds. It is said in 27 C.J. Frauds, Statute Of, § 84 that the mischief meant to be prevented by the statute is leaving the terms of the contract to memory for longer than a year.

■ If either of the parties to this controversy had commenced an action based upon alleged oral agreements, the other might challenge the correctness of the assumptions of the plaintiff and invoke the written contract and the claim that all oral understandings had been merged therein. The administration of the law favors written contracts. This is evidenced in the Statute of Frauds and the rules of evidence which protect against efforts to vary the terms of written agreements. We would run into all sorts of difficulties if we should undertake to say that oral understandings might constitute a contract and the written instrument which reduced the negotiations to writing as constituting another contract. For that reason the law says that oral understandings of the parties are merged in the written contract.

■ In Niblack v. Seaberg Hotel Co., 42 N.M. 281, 76 P.2d 1156, 1159, we said: "Sections 32-207 and 32-209 are parts of the same act of the legislature, Chapter 79, N.M. Laws of 1905, and must be construed together." Since both sections impose penalties they should be strictly construed and their application should be made to clear cases only. In Goldsworthy's Estate, 45 N.M. 406, 115 P.2d 627, we said that the law favors right of action rather than the right of limitation. Any restriction upon the right of action must be applied with caution, and only in clear cases. Of course if a plea in abatement is drawn correctly and well proved the court cannot deprive the defendant of the benefit of it, but nevertheless as we have seen, it is proper for the court to view such a plea with some degree of strictness.

From all of the foregoing and after an attentive reading of the record we conclude that the trial court was in error in holding that the contract was consummated in the State of New Mexico. We conclude that the contract must be considered as having been executed in New York.

What we have said makes it unnecessary to decide the question as to whether the plaintiff was doing business in New Mexico within the meaning of our laws applicable to foreign corporations, or whether it was engaged in interstate commerce merely, as contended by appellant.

The order sustaining the plea in abatement is reversed and the cause remanded, with directions to deny said plea in abatement and for such further proceedings as may be appropriate, not inconsistent with the views herein expressed.

It is so ordered.

SADLER, MABRY, and BRICE, JJ., concur.

ZINN, C. J., being absent, did not participate.