Grafton,
No. 4485.

NEW ENGLAND BOX COMPANY

*v.*

WALTER W. GILBERT & a.

Argued June 5, 1956.

Decided July 6, 1956.

258

*Cooper, Hall & Cooper* and *John M. Brant* (*Mr. Brant* orally), for the plaintiff.

*Richard C. Duncan* (by brief and orally), for the defendants.

KENISON, C. J. An officer or director of a corporation is not personally liable for a conversion committed by the corporation or one of its officers merely by virtue of the office or directorship which he holds in the corporation. *Refrigeration Discount Corp.* v. *Catino*, 330 Mass. 230. An officer or director is personally liable for a conversion committed by the corporation only if he participates in the conversion or has knowledge amounting to acquiescence or commits a breach of duty which he owes to the owner of the property. 3 Fletcher, Cyc. Corporations, ss. 1137, 1140; anno. 152 A. L. R. 696; *Stambaugh* v. *Haffa*, 217 Iowa 1161. If the defendant knows nothing about the conversion, there is no personal liability on his part. *Cohen* v. *Maus*, 297 Pa. 454. "Some knowledge and participation, actual or implied, must be brought home to him." Fletcher, *supra, p.* 715. It is the defendants' position that there is no evidence to support a finding of personal liability in this case.

It is not seriously disputed that the shortage of lumber at Enfield was caused by using that lumber in the box shop of the Enfield Box Company and the shortage at Lebanon was caused for the same reason or by a subsequent sale to third parties. Deminie signed the invoice for the sale of the lumber in Lebanon and Gilbert signed the bill of sale for the lumber in Enfield. They claim the shortages were due to the inaccuracy of the inventory record which they kept and indicate only negligence on their part in using faulty records. However, the plaintiff's evidence casts serious doubt on this explanation as being either accurate or complete. It appeared that the defendants denied seeing any of the plaintiff's signs at Enfield although clearly obvious to others, that it was common knowledge among the employees that the plaintiff's lumber was being used in the box shop of the Enfield Box Company and that Gilbert had instructed his employees to use other lumber when there was a shortage of lumber at the mill. Some of the plaintiff's signs that were used to designate its lumber were seen in the mill where Gilbert was the general manager and Deminie was in charge of

maintenance and the mechanical work of the corporation. The defendants had formerly been partners, held frequent directors' meetings and were both aware of the necessity of selling lumber in 1952 in order to meet pressing financial obligations. The lumber at Enfield was marked by the plaintiff and readily identifiable and the lumber at Lebanon consisted of specific lots which had been inspected for dryness. Gilbert conceded on cross-examination that he had no right to take the Enfield lumber. Since the referee granted all of the plaintiff's requests for findings of fact it is evident that the plaintiff's evidence was accepted as true and the defendants' was rejected as either untrue or mistaken. In either event, this would not shield the defendants from personal liability. Restatement, Agency, s. 349. See *Gage* v. *Whittier*, 17 N. H. 312, 320, 321.

Particular stress is placed on the argument that although Gilbert may have been the person who directed the operations leading to the conversion, Deminie's sole connection with the conversion is only the fact that he was an officer, director and stockholder of the corporation. Deminie's testimony that he did not see what was obvious to the plaintiff's witnesses, that he did not hear what was common knowledge among the corporation's employees, and that he did not know the source of the lumber being used in the mill is all a matter of credibility. This pristine, three-pronged presentation did not have to be accepted as true by the trier of fact. *Anctil* v. *Dupont*, 96 N. H. 501, 503. The evidence warranted a finding that Gilbert directed the conversion and that Deminie knew about it and, in view of their financial predicament, he acquiesced in the conversion. Decisions relied upon by the defendants, *Thomsen* v. *Culver City Motor Co.*, 4 Cal. App. (2d) 639 and *Cohen* v. *Maus*, 297 Pa. 454, are distinguishable since in both of these cases the corporate directors had no knowledge of the conversion. In the present case there was ample proof that Gilbert brought about the shortage of the plaintiff's lumber and it was findable that Deminie knowingly acquiesced in its accomplishment. See *Hirsch* v. *Phily*, 4 N. J. 408.

After the shortage became known to the plaintiff, Gilbert in his capacity as officer of the Enfield Box Company, Inc., agreed to pay $500 monthly until the agreed value of the shortage was paid. Before the payments were completed the corporation was placed in receivership. The defendants claim that this is an accord and satisfaction which discharged and extinguished the claim for con-

version. However there was no evidence that the plaintiff accepted the promise to pay for the shortage as an accord and satisfaction. It would be presumed that the performance of the subsequent promise was intended by the parties to the agreement (6 Williston, Contracts, *s.* 1847) but whether the creditor accepts the debtor's proposition as satisfaction is a question of fact and not of law. N. H. Anno., Restatement, Contracts, *s.* 420. The defendants' requests that the referee find that there was an accord and satisfaction were denied and this is consistent with *Langlois* v. *Maloney*, 95 N. H. 408, 415. There was no accord and satisfaction and the nonperformance of the subsequent agreement to make monthly payments "leaves the parties with their former rights and liabilities unaffected." *Langlois* v. *Maloney, supra.*

*Judgment on the verdict.*

All concurred except GOODNOW, J., who dissented on the personal liability of Deminie for conversion of the lumber on the Lebanon lot.