**Diana Weddington SPIESS, Appellant,**

v.

**UNITED SERVICES LIFE INSURANCE COMPANY, Appellee.**

**No. 8031.**

United States Court of Appeals
Tenth Circuit.

July 1, 1965.

Rehearing Denied Aug. 8, 1965.

James Parker of Modrall, Seymour, Sperling, Roehl & Harris, Albuquerque, N. M., for appellant.

Eric D. Lanphere of Iden & Johnson, Albuquerque, N. M. (Bryan G. Johnson and Richard G. Cooper, Albuquerque, N. M., on brief), for appellee.

Before MURRAH, Chief Judge, and PICKETT and BREITENSTEIN, Circuit Judges.

MURRAH, Chief Judge.

This is an appeal from a summary judgment in a diversity suit filed in the District of New Mexico by the beneficiary of a United Services Life Insurance policy to recover its face amount due to the death of her insured aviator-husband. As finally issued, the policy

contained a rider which limited recovery to the return of the premiums if the policy became a claim by "death of the Insured due to any service, training, travel, flight, ascent or descent in, on, or from any species of aircraft at any time", but excepted from the limitation "death resulting from travel as a passenger on an aircraft owned and operated by the United States Government." The death of the insured resulted from a mid-air collision of two government aircraft, one of which was being piloted by the insured husband.

■ The crucial question is whether the phrase "passenger on an aircraft" is to be construed to embrace the insured, pilot and lone occupant of the aircraft. The trial court, sitting in New Mexico and applying its choice of laws rule, looked to "place of consummation", i. e., the place where the "final act is done", to determine the applicable law for interpretation of the contract. The parties agree that such is the conflict rule in New Mexico. See Alexander Film Co. v. Pierce, 46 N.M. 110, 121 P.2d 940; Transradio Press Serv. v. Whitmore, 47 N.M. 95, 137 P.2d 309; Merriman v. Harter, 59 N.M. 154, 280 P.2d 1045; Nielsen v. General American Life Ins. Company, 10 Cir., 89 F.2d 90, 110 A.L.R. 1133; Harris v. Pacific Mut. Life Ins. Co., 10 Cir., 137 F.2d 272. They disagree on the place of consummation, and thereon hangs this lawsuit.

■ Appellant contends that the contract was consummated in Washington, D. C.; that the law of the District controls, according to which the insured pilot of the aircraft was "a passenger on an aircraft" as those words were used and are to be interpreted in the contract. The company takes the position that the policy contract was finally consummated and delivered in the State of Maryland, according to the statutory law of which " 'Passenger' includes any person riding in an aircraft, but having no part of its operation. Art. 1A, Sec. 1(p) Ann.Code Md., 1957. (Ann.Code, 1951 § 1; 1949, ch. 422, § 1)".

The summary judgment is based upon the trial court's conclusion that the insurance policy was not a District of Columbia contract; that the law of the District was inapplicable; and, furthermore, the contract cannot be interpreted to include the insured pilot as a "passenger".

Appellant-beneficiary apparently concedes, as indeed she must, that the statutory law of Maryland, if applicable, bars recovery. The question is thus whether the law of the District of Columbia is applicable to the construction and interpretation of the contract and, if so, whether it authorizes recovery.

■ The basic and undisputed facts are that while temporarily stationed in Maryland the insured, Spiess, applied for the policy on October 7, 1957. The application pertinently provided that "insurance approved pursuant to this application shall take effect at 12 o'clock noon, Eastern Standard Time, on the date of such approval by the Company at its Home Office". It also contained certain questions, to-wit: "Are you now a pilot?" to which Spiess answered "No"; and "If you are not a pilot, have you applied or do you expect to apply for flight training as a pilot?" to which he replied "Yes". In the portion of the application entitled "Explanations and Special Requests" Spiess wrote: "Applied for aviation tr'g May 1957 but under subsequent orders do not expect to become a crew member. I understand that the policy—if issued—may contain an aviation exclusion rider." The policy was dated and issued at the company's home office in Washington, D. C., on October 10, 1957.

As approved and issued, the policy did not contain the aviation hazard limitation, but according to the unchallenged findings of the trial court, the policy was sent to an "agent in Maryland for delivery to the insured on condition he would sign" a "Request for Aviation Limitation" in the following words: "Please Make The Following Amend-

ment To: Application dated 7 October 1957 or Policy Number * * * by adding the following provision;" Then followed the pertinent limitation provisions incorporated in the rider. The insured signed the request for aviation hazard limitation in Maryland on October 22. The rider was then attached and the policy delivered to the insured.

Appellant insists that the last act necssary for the formation of the contract was done and performed in Washington, D. C., when the policy was approved and issued on October 10, notwithstanding the fact that the policy was subsequently modified to include the Limitation Due To Aviation Hazard rider and as so modified was delivered to the insured at that time and place.

The policy was approved and issued in Washington, and according to its terms was to become effective on the date of its approval. But, as the trial court observed, the approval was "not unconditional". It was subject to the condition precedent that the insured would execute a "Request for Aviation Limitation". He did execute the request, the rider was attached, the policy was delivered, and it became effective retroactively to the date of issue, i. e. October 10. The conditional making of a written contract may be shown in parol, see Halliburton Company v. McPheron, 70 N.M. 403, 374 P.2d 286; but here we have no need to resort to parol evidence. The conditional approval is manifest by subsequent acts done and performed to fulfill the condition under which it was issued.

This case is wholly unlike United Services Life Ins. Co. v. Farr, D. C., 60 F. Supp. 829, where the application for the policy was made and the first premium paid on a specified date with the request that it be issued as of a subsequent date. The application was approved and the policy issued as of the subsequent date. The question was whether the contract was to be interpreted in accordance with the laws of the place where the policy was approved and issued or where it was subsequently delivered to the insured.

The court rightly decided that nothing further remained to be done to make the policy a binding insurance contract after the approval and issuance at the home office in the District of Columbia; that the laws of the District governed the interpretation of the contract; and "The steps later taken to deliver physical possession of the policy to the insured were not determinative of when or where the contract was made." Id. 834.

The point of distinction is that in the Farr case the policy was unconditionally approved and issued in Washington, D. C., and delivery elsewhere was a mere formality which had nothing whatsoever to do with the formation of the contract. Here the policy was issued on condition that material modifications as to coverage would be incorporated in the policy upon written request of the insured. The final act necessary for consummation of the contract on its effective date was done and performed in the State of Maryland. The policy is undoubtedly a Maryland contract and is controlled by Maryland law. Moreover, it is manifestly plain from the application that the insured knew and understood the policy did not cover the aviation hazard, and it is also significant that about four years after issuance of the policy he wrote the company indicating a desire to have it "converted to include aviation hazard;" but took no further steps to effect the conversion. We agree with the trial court that the contract was not consummated and delivered in the District of Columbia, but in Maryland, under the law of which appellant cannot recover.

In this view we have no occasion to seek the "guidance of the dim light" of the law of the District of Columbia as gleaned from its court's interpretation of applicable Texas law since repudiated by the Fifth Circuit's interpretation of the same Texas decisions. See United Services Life Ins. Co. v. Delaney, 328 F.2d 483; Smith v. Indemnity Ins. Co. of N. America, 115 U.S.App.D.C. 295, 318 F.2d 266.

Judgment is affirmed.