**DON J. CUMMINGS CO., Inc., Appellant,**

v.

**ALUMINUM MANUFACTURING COR-PORATION, Appellee.**

No. 8601.

United States Court of Appeals
Tenth Circuit.

Jan. 11, 1967.

Charles J. Mistretta, of Hines & Mistretta, Albuquerque, N. M., for appellant.

H. O. Waggoner, Albuquerque, N. M., for appellee.

Before BREITENSTEIN and HILL, Circuit Judges, and KERR, District Judge.

HILL, Circuit Judge.

This diversity case was tried to the District Court, which rendered judgment for the plaintiff. Defendant appeals. The parties will be referred to as they appeared in the District Court. Plaintiff, Aluminum Manufacturing Corp., is a Texas corporation, engaged in the business of manufacturing and selling aluminum products. All its products are manufactured in Texas. Pursuant to three separate contracts it sold some custom-made window frames to defendant, a New Mexico corporation, who used the frames in New Mexico and who failed to pay for them.

Plaintiff instituted this suit in the District of New Mexico to recover the contract price. Defendant moved to dismiss the complaint on the ground that plaintiff had not complied with a New Mexico statute (8 N.M.S.A. § 51–10–4) which requires that a foreign corporation, before it transacts any business in New Mexico, do certain prescribed acts and have issued to it by the State Corporation Commission a certificate authorizing it to transact business in the state; and that because of such non-compliance, which plaintiff admits, it was barred by 8 N.M.S.A. § 51–10–5 from suing in the United States District Court in New Mexico. That statute provides that any foreign corporation which transacts business in New Mexico without first obtaining a certificate "shall not maintain any action in this state, upon any contract made by it in this state." The motion to dismiss was denied and the case proceeded to trial by the court which gave judgment for the plaintiff.

Defendant appeals, contending that the court below was without jurisdiction to hear the case because of the New Mexico statute. Because this is a diversity case, the federal court is bound to obey the mandate of the New Mexico statute which bars the maintenance of lawsuits on contracts made in the state by non-complying foreign corporations.[1] However, if the contract was entered into outside the state, the New Mexico statute, by its own terms, does not apply.[2]

Appellant is faced at the outset with the District Court's pointed finding that: "From all the facts and evidence in the case the Court finds that each of the contracts was accepted in the state of Texas." Unless we can say that this finding "is clearly erroneous" we must sustain it. Rule 52(a), Fed.Rules Civ.Proc.[3] We do sustain it.

1. Woods v. Interstate Realty Co., 337 U.S. 535, 538, 69 S.Ct. 1235, 1237, 93 L.Ed. 1524, where the Supreme Court said: "* * * a right which local law creates but which it does not supply with a remedy is no right at all for purposes of enforcement in a federal court in a diversity case; that where in such cases one is barred from recovery in the state court, he should likewise be barred in the federal court."

2. The pertinent part of the statute reads as follows:
   "51–10–5. Action cannot be maintained until certificate is obtained.— Until such corporation so transacting business in this state shall have obtained said certificate from the state corporation commission, it shall not maintain any action in this state, upon any contract made by it in this state: * * *."

3. See Phoenix Assurance Co. of New York v. Hughes, 10 Cir., 367 F.2d 526.

The record shows that plaintiff had a sales representative in New Mexico who worked on a straight commission basis and who also represented several other companies. Plaintiff made the sales we are here concerned with in the following manner: Its president supplied what the parties have called "bids" to the New Mexico representative who in turn submitted the bids to defendant in New Mexico. Defendant then executed a "purchase order" which detailed the products it wanted from plaintiff and included the price which plaintiff's president had, through its New Mexico representative, quoted on the goods. This "purchase order" was then mailed by defendant directly to plaintiff in Texas. Plaintiff acted on the purchase orders in Texas by mailing an "acknowledgment" to defendant in New Mexico which reiterated the terms of the purchase order.[4]

Defendant contends that the contracts were entered into when the bids submitted by the New Mexico representative were accepted by defendant and that the acknowledgment of defendant's purchase orders by plaintiff's president in Texas was a mere formality performed after the contracts had already been made. Both plaintiff's president and the New Mexico representative testified that no contracts were made until the president acknowledged the purchase orders in Texas; that the sales representative had no authority to contract for the company and that only the president could accept an offer and thereby bind the company. We think the evidence amply supports their assertions. The method of negotiation reveals that what the parties have referred to as bids were nothing more than price quotations. The "bid" received from the president and submitted by the New Mexico representative was merely an invitation for offers from defendant. The offers had to be accepted by plaintiff in Texas before a contract was made.[5] The acceptance—in the form of an "acknowledgment"—was the last act necessary for the formation of the contract. "A contract is made at the time when the last act necessary for its formation is done, and at the place where the final act is done." [6] Since the contracts were made outside New Mexico the state statute does not apply and the District Court correctly ruled that the New Mexico statute did not preclude plaintiff from suing upon the purchase contracts in question.

Affirmed.

4. On one of the contracts the acknowledgment was dated prior to the date the purchase order was issued. Plaintiff's president offered as an explanation the fact that defendant's president had negotiated on the contract with him in Texas and the terms were agreed upon there and plaintiff's president executed the acknowledgment at that time. The purchase order, however, was not mailed until after defendant's president returned to New Mexico.

5. 1 Corbin on Contracts, § 24 (2d ed. 1963).

6. Alexander Film Co. v. Pierce, 46 N.M. 110, 121 P.2d 940; Merriman v. Harter, 59 N.M. 154, 280 P.2d 1045.