447 P.2d 523

Buddy TAYLOR and Arthur Taylor, a common law partnership, and George Bradford, Plaintiffs-Appellants,

v.

Lester A. ALSTON, A. C. Holder, Carl Johnson, Jr., W. E. Mathers, John W. Waits, Mrs. C. C. Yearwood, O. J. Holder, Mrs. Bette Taylor Kimbrough and Marie Neer Campbell, Executrix of the Last Will and Testament of John W. Campbell, deceased, Defendants-Appellees.

No. 115.

Court of Appeals of New Mexico.

Nov. 15, 1968.

Warren F. Reynolds, Easley & Reynolds, Hobbs, for appellants.

A. M. Swarthout Heidel, Swarthout & Samberson, Lovington, Michael R. Waller, Hinkle, Bondurant & Christy, Roswell, Merrill L. Norton, Robert W. Ward, Lovington, for appellees.

## OPINION

SPIESS, Chief Judge.

This suit resulted from certain transactions between plaintiffs-appellants and Campbell Grain and Milling Company, Inc., (hereinafter referred to as Milling Company) now bankrupt. The defendants include some of the directors of the milling company and the personal representative of John Campbell, deceased, who, during his lifetime, was a director, president and managing officer of the milling company. The defendant directors will be referred to as directors and the personal representative of John Campbell, deceased, and John Campbell as Campbell.

By this action the plaintiffs seek a recovery of damages as against the directors and Campbell for an alleged conversion of their property by the milling company. They contend that the directors and Campbell are liable to them upon the ground of negligence in the supervision of corporate affairs, and further, that the directors and Campbell had knowledge of the transaction involved but failed to so act upon that knowledge as to prevent plaintiff's loss. The trial court decided the case in defendants' favor upon a motion for summary judgment from which the plaintiffs appealed. Campbell takes the position that no distinction can be made by this court on this appeal as between Campbell and the directors. In our opinion the facts disclosed by the record compel us to consider the claims against Campbell apart from those against the directors. We will first consider the claims against the directors.

Corporate directors are not personally liable for conversion committed by the corporation or one of its officers merely by virtue of the office they hold. To be so liable directors must participate or have knowledge amounting to acquiescence or be guilty of negligence in the management and supervision of the corporate affairs causing or contributing to the injury. New England Box Co. v. Gilbert, 100 N.H. 257, 123 A.2d 833 (1956); Anno. 152 A.L.R. 696, 712; 3 Fletcher Cyc. Corp. (Perm.Ed.) §§ 1137, 1140, Compare Citizens Savings & Loan Association v. Fischer, 67 Ill.App.2d 315, 214 N.E.2d 612 (1966); Lobato v. Pay Less Drug Stores, Inc., 261 F.2d 406 (10th Cir. 1958).

We are, of course, mindful of the rule that summary judgment can properly be rendered only when a movant is entitled to a judgment as a matter of law. In making this determination the matters presented to and considered by the court must be viewed in the most favorable aspect they will bear, including all reasonable inferences deductible therefrom, in support of the right to trial on the issues. Simon v. Wilson, 78 N.M. 491, 432 P.2d 847, (Ct. App.1967).

We would also mention that plaintiffs have a duty when faced by a motion for summary judgment to show the court that a genuine fact issue is present. Cervantes v. Forbis, 73 N.M. 445, 389 P.2d 210 (1964).

Since no contention is made that the directors participated in the conversion the question for decision is whether the pleadings, affidavits and testimony before the court upon the hearing of the motion for summary judgment present a genuine issue of fact as to whether the directors had such knowledge of the transactions as would amount to acquiescence or whether they were negligent in the management and supervision of the affairs of the corporation proximately causing or contributing to the injury sustained by plaintiffs.

In ruling upon the motion for summary judgment the trial court had before it the pleadings, affidavit of the directors in support of the motion and the testimony of an accountant presented by plaintiffs at the hearing upon motion.

In order to determine the issues involved it is necessary that certain of the facts so presented to the trial court be set forth. During the months of September and October, 1965, the plaintiffs paid sums of money to the milling company and it in turn issued and delivered a number of warehouse receipts to the plaintiffs. These receipts in substance stated that certain quantities of a particular kind of grain belonging to plaintiffs were held in storage by the milling company and would be delivered to plaintiffs upon their demand. It is undisputed that a short time after January 1, 1966, plaintiffs made demand upon the milling company for delivery to them of "their grain" and the milling company wholly failed to make such delivery.

From the affidavits of the directors it appears that at all times material to this suit they were both shareholders and directors of the milling company and Campbell was at all such times the president and managing officer of the company. The directors took no active part in the day by day operations of the milling company. They did actively participate in all directors meetings. The 1965 annual directors meeting was held October 21, 1965, and at that meeting and meetings prior thereto the directors carefully reviewed the financial statements submitted and obtained verbal reports as to the corporation's condition from Campbell.

The statement submitted to the directors at their meeting October 21, 1965, disclosed shareholders' equity as of October 31, 1965, in excess of $325,000.00. The directors were unaware of the transactions between the milling company and the plaintiffs at the time these transactions occurred, or for some time thereafter. The directors never authorized transactions of the kind nor did they acquiesce therein.

It is further stated that if the milling company was unable to maintain a grain storage sufficient to meet demands of the holders of warehouse receipts the directors were not aware of such condition at any time material to the transactions with plaintiffs.

The accountant's testimony does not discredit the affidavit of directors in any material manner. It appears that he was not aware of the issuance of the warehouse receipts at the time of the directors meeting October 21, 1965. He fully confirms that he did not report their issuance to the directors.

Assuming that grain or money, as the case may be, of the plaintiffs was wrongfully used by the milling company there is nothing in the record which supports or tends to support a claim of actionable participation, acquiescence or negligence on the part of the directors. To the contrary, the matters before the court when it entered summary judgment show diligence on the part of the directors and a lack of knowledge on their part as to the issuance of the warehouse receipts involved in the action. Considering the entire record, summary judgment dismissing plaintiffs' claim against the directors in our opinion is proper. Worley v. United States Borax & Chemical Corp., 78 N.M. 112, 428 P.2d 651 (1967).

The claim against Campbell stands in a different light from that asserted against the directors. As we have stated, Campbell contends that no distinction can be made

by this court between Campbell and the directors upon the basis primarily that they all are sued in their capacity as directors. We cannot agree.

The testimony of the accountant and facts stated in the affidavit of the directors disclose that Campbell was not only a director but the managing officer of the corporation and in active control of its business affairs. No affirmative showing was offered in his behalf indicating that he had no knowledge of the deposit by plaintiffs with the corporation, or the issuance of the warehouse receipts by the corporation; nor is there any showing that Campbell was unaware of the alleged conversion or misappropriation by the corporation of plaintiff's property. Campbell had the burden of showing that there was no genuine issue of material fact for trial. Ballard v. Markey, 66 N.M. 265, 346 P.2d 1045 (1959). It appears to us to be clear from the record that Campbell failed to meet such burden.

We do not decide that there was an actionable wrong upon the part of Campbell. The record before us is not adequate to make such a determination. We hold only that as to the claim against Campbell a genuine fact issue is present and summary judgment is not proper. The summary judgment will be affirmed as to the directors but reversed as to Campbell and remanded for further proceedings.

It is so ordered.

OMAN and WOOD, JJ., concur.