462 P.2d 144

**CESSNA FINANCE CORPORATION, formerly National Aero Finance Company, Inc., a corporation, Plaintiff-Appellee,**

v.

**MESILLA VALLEY FLYING SERVICE, INC., Defendant-Appellant,**

Wallace Clair, Charles Knight, and Howard Goddard, Defendants.

No. 8855.

Supreme Court of New Mexico.
Dec. 8, 1969.

Anthony F. Avallone, Las Cruces, for appellant.

J. R. Crouch, John M. Lenko, Las Cruces, for appellee.

## OPINION

TACKETT, Justice.

This action was commenced in the District Court of Dona Ana County, New Mexico, for recovery on installment notes, related chattel mortgages and guarantee agreements. Plaintiff secured a writ of replevin which was executed by the sheriff. Defendant answered and alleged a counter-

claim for wrongful replevin. Both plaintiff and defendant filed motions for summary judgment, which was granted to plaintiff. Defendant appeals. Defendants Wallace Clair, Charles Knight and Howard Goddard were guarantors and are not involved in these proceedings.

Defendant's pertinent attacks on the granting of summary judgment are: (1) That defendant's motion for summary judgment should have been granted because of plaintiff's failure to reply to the counterclaim, and because the provisions of the mortgage allowing mortgagee's local agent to take possession of the security upon default were void as a cognovit provision under § 21–9–16, N.M.S.A., 1953 Comp.; (2) that the plaintiff lacked the capacity to maintain the action because it was a foreign corporation doing business in New Mexico without authority; and (3) the award of the amount of damages was not established as a matter of law, since there were genuine issues of fact as to damages.

■ Appellant's contentions under (1) above are without merit. Appellant's counterclaim did not allege sufficient facts to warrant relief or necessitate a reply thereto. Rule 8(a), Rules of Civil Procedure (§ 21–1–1(8) (a), N.M.S.A., 1953 Comp.). Appellant merely alleged that the replevin action was not prosecuted with effect. Conclusions made by the pleader, which are not supported by a statement of facts, do not state a claim or necessitate a reply thereto. Marranzano v. Riggs Nat. Bank of Washington, 87 U.S.App.D.C. 195, 184 F.2d 349 (1950); see also, General Acceptance Corp. of Roswell v. Hollis, 75. N.M. 553, 408 P.2d 53 (1965). In addition, appellant was given notice of the mortgagee's taking of possession by the replevin action itself, so that no resort was had to any such cognovit provisions of the mortgage. Ritchey v. Gerard, 48 N.M. 452, 152 P.2d 394 (1944).

■ As to (2) above, the record reveals that appellee was engaged in the business of financing aircraft purchases which were negotiated through independent dealers. The applications for financing were forwarded to appellee's home office in Kansas, where the applications were either approved or disapproved. Can it be said that appellee was doing business in New Mexico without authority? We think not.

Appellee, a Kansas corporation, is a wholly owned subsidiary of Cessna Aircraft Company. It finances the purchase of Cessna airplanes for distributors, dealers and retail purchasers. There are five other Cessna dealers in New Mexico besides appellant. The distributor who sold to appellant is located in El Paso, Texas. Appellant admits that appellee does not solicit or procure orders, and that its activities in collecting debts and enforcing its rights in properties securing them is not transacting business. Appellant contends that appellee violates § 51–30–1, N.M. S.A., 1953 Comp. (Laws 1967, Ch. 81, § 103), by advertising in form letters; in leasing an advertising sign in 1964; in having a regular employee assigned to the territory who made irregular trips here to solicit business; in holding an instructional seminar of four Texas and New Mexico Cessna dealers in 1968; and in otherwise instructing Cessna dealers in the financing procedure. Appellant states that the security agreements were signed in Kansas at appellee's home office by an agent for appellee, designated by a power of attorney executed in New Mexico; that negotiations were carried on by telephone from New Mexico; that the aircraft given as security are located in New Mexico; and that from 1965 to July 7, 1968, there have been seven such transactions. In two instances, guarantees of the installment payments were signed in New Mexico.

Appellant relies upon Walter E. Heller & Co. of Cal. v. Stephens, 79 N.M. 74, 439 P.2d 723 (1968), where we held that the leasing of a mill by the owner constituted doing business. Since appellant here complains only of a violation of § 51–30–1, supra, we look only to this statute for guidance. We deem it unnecessary to decide if

it is applicable to transactions prior to its adoption. Heller, supra, is not helpful in this connection as it construes an Arizona statute which requires foreign corporations to qualify there "before entering upon, doing or transacting any business, conducting any enterprise, or engaging in any occupation."

■ Paragraphs G and H of § 51–30–1, supra, provided that creating evidences of debt, mortgages, or liens on real or personal property, and securing or collecting debts or enforcing rights in property securing them, does not constitute transacting business in New Mexico. Appellee's only business is financing the purchase of Cessna airplanes to aid sales by its parent corporation; toward this end it creates liens on personal property in New Mexico. Its other activities are incidental to and directly related to this permitted activity, and must necessarily be permitted if the principal activity is permitted. Southern New England Distrib. Corp. v. Berkeley Fin. Corp., 30 F.R.D. 43, (D.C.Conn.1962).

This court has held that activities similar to those of appellee do not constitute transacting business within this State. Abner Mfg. Co. of Wapakoneta, Ohio v. McLaughlin, 41 N.M. 97, 64 P.2d 387 (1937), in which it is stated " * * * That this and like transactions are interstate commerce is held by all authority, * * *." See cases therein cited.

■ A contract is made when, and not before, it has been executed or accepted by both parties, so as to become binding on both parties. Alexander Film Co. v. Pierce, 46 N.M. 110, 121 P.2d 940 (1942), which quoted with approval Restatement of the Law of Contracts, § 74 as follows:

" 'A contract is made at the time when the last act necessary for its formation is done, and at the place where that final act is done.' "

This point is ruled against appellant.

■ We now turn to the damage issue (3) above. This action was brought on written instruments. Appellant has failed to deny the execution of such instruments, but does assert lack of authority to execute in those who signed. The affidavit of Thomas R. Borst, president of Mesilla Valley Flying Service, Inc., in opposition to the motion for summary judgment made by appellee, states in part:

"2. MESILLA VALLEY FLYING SERVICE, INC. did receive a loan from National Aero Finance Company, Inc. [Cessna Finance Corporation] and the corporation was in the process of paying back the loan. * * * I was not involved at the time and have no knowledge of what took place. * * * There must be a record of the transaction somewhere, and I ask on behalf of the corporation that we have an opportunity to continue our search.

" * * *

"7. I have looked for some indication that the MESILLA VALLEY FLYING SERVICE, INC. approved the terms and the provisions of the instruments identified as 'Installment Note' and 'Chattel Mortgage' that have all been referred to in the complaint, and I find nothing.

* * *

"8. * * *. [T]he process of putting the corporate records into some semblance of order has been impossible. Nevertheless, I am sure the minute book is somewhere and I intend to find it. I am also sure that the dealings with the National Aero Finance Company, Inc., are somewhere and I should also find them."

The above affidavit, by no stretch of the imagination, raises a material issue of fact which would justify a trial on the merits. General Acceptance Corp. of Roswell v. Hollis, supra. See Martin v. Board of Education of City of Albuquerque, 79 N.M. 636, 447 P.2d 516 (1968).

■ In summary judgment proceedings the burden rests on the movant to show

**14**

there is no genuine issue, or material fact, to submit to a fact finder, be it a court or jury. Nevertheless, an opposing party may not remain silent in the face of a meritorious showing by a movant. Southern Union Gas Co. v. Briner Rust Proofing Co., 65 N.M. 32, 331 P.2d 531 (1958); Srader v. Pecos Construction Company, Inc., 71 N.M. 320, 378 P.2d 364 (1963); Taylor v. Alston, 79 N.M. 643, 447 P.2d 523 (Ct.App.1968).

The rationale of summary judgment proceedings seems to be that the moving party has the burden of showing that there is no genuine issue as to a material fact, and that he is entitled to judgment as a matter of law; but that when he has made a prima facie showing to this effect, the opposing party cannot defeat a motion for summary judgment and require a trial by a mere contention that an issue of fact exists. He must show that evidence is available which would justify a trial of the issue. Appellant failed in this respect. Aktiengesellschaft, etc. v. Lawrence Walker Cotton Co., 60 N.M. 154, 288 P.2d 691 (1955). See Felt, for Use of United States v. Ronson Art Metal Works, 107 F.Supp. 84 (D.C. Minn.1952); 3 Barron and Holtzoff, Federal Practice and Procedure, § 1235 at 141.

█ Where the only remaining issue is the amount of damages and defendant fails to offer any evidence concerning damages, summary judgment is proper. Morris v. Prefabrication Engineering Co., 181 F.2d 23 (5th Cir. 1950).

Appellant's affidavit in opposition to the motion for summary judgment is insufficient as it did not raise a material fact issue.

On the basis of what we have here said, further comment is unnecessary.

The judgment of the trial court is affirmed.

It is so ordered.

MOISE, C. J., and WATSON, J., concur.