**APPLIED TECHNOLOGIES ASSOCIATES, INC., Plaintiff,**

v.

**Charles H. SCHMIDT and Larry K. Johnson, d/b/a Technology Marketing Associates, Defendants.**

**Civ. No. 9971.**

United States District Court, D. New Mexico.

Aug. 13, 1973.

Juan G. Burciaga, Ussery, Burciaga & Parrish, Albuquerque, N. M., for plaintiff.

Orville C. McCallister, McCallister, Messersmith & Wiseman, Albuquerque, N. M., for defendants.

### ORDER

MECHEM, District Judge.

Plaintiff, Applied Technologies Associates [hereinafter ATA], brought suit for breach of contract against Charles H. Schmidt and Larry K. Johnson,

d/b/a Technology Marketing Associates. Jurisdiction is based on diversity, 28 U. S.C. § 1332.

Defendants filed a motion to dismiss on the ground that ATA is a foreign corporation without a certificate of authority to do business in New Mexico and thereby is barred from maintaining any action in any court in this state pursuant to N.M.S.A. § 51–30–19(A).[1]

It is admitted that ATA is without a certificate of authority from the Corporation Commission of the State of New Mexico. ATA contends, however, that its activities may not be characterized as "transacting business" in New Mexico and therefore it is not required to register with the State Corporation Commission.

The facts pertaining to the business activities of ATA are contained in the deposition of Donald Van Steenwyk, president of ATA. With concurrence of counsel for plaintiff and defendants the Court has read this deposition. The relevant facts contained therein may be summarized as follows:

ATA provides consulting services in the field of engineering in order to promote a demand for manufacturers' products among potential customers. ATA clients are those with whom ATA has a contract to represent their products or do engineering work. The engineering work includes engineering studies which are performed for a fee.

ATA maintained a branch office in Albuquerque, New Mexico, staffed with a consultant and two employees.

As an example of the type of work performed by ATA, Mr. Steenwyk explained that assuming a company was developing a new weapons system, and within it they needed guidance and control equipment, ATA would help the company "define" the kind of equipment needed for the system and would thereafter work with one of its clients (a manufacturer) to "evolve" these products. Such a project might take as long as one and one-half or two years.

All orders are placed with the manufacturer, not with ATA, and no money is paid ATA except in the form of commissions from the manufacturer on sales resulting from ATA's efforts.

A further duty of Larry Johnson, the ATA employee in Albuquerque, was to identify potential clients that would have products salable in the Albuquerque area and to look for customers for current as well as potential ATA clients.

The question is whether the above detailed activities constitute doing business under N.M.S.A. § 51–30–1 so as to disallow the maintenance of this action.

There have been no cases to date in New Mexico in which a foreign corporation has been barred from bringing suit. Abner Manufacturing Co. v. McLaughlin, 41 N.M. 97, 64 P.2d 387 (1937); J. H. Silversmith, Inc. v. Keeter, 72 N.M. 246, 382 P.2d 720 (1963); Cessna Finance Corp. v. Mesilla Flying Service, 81 N.M. 10, 462 P.2d 144 (1969); Riblet Tramway Co. v. Monte Verde Corp., 453 F.2d 313 (D.C.N.M. 1972). The Supreme Court of New Mexico has said that a statute, such as the one in the instant case, must be "strictly construed and their application should be made to clear cases only."

---

1. The applicable portion of the statute reads as follows:

> No foreign corporation transacting business in this state without a certificate of authority shall be permitted to maintain any action, suit or proceeding in any court of this state, until the corporation has obtained a certificate of authority . . . N.M.S.A. § 51–30–19 (A).

The following activities, among others, have been excluded from the definition of what constitutes transacting business in New Mexico:

> "soliciting or procuring orders, whether by mail or through employees or agents or otherwise, where the orders require acceptance without this state before becoming binding contracts" N.M.S.A. 51–30–1, subd. F;
>
> "transacting any business in interstate commerce" N.M.S.A. 51–30–1, subd. I.

Transradio Press Service v. Whitmore, 47 N.M. 95, 137 P.2d 309 (1943).

In *Abner Manufacturing* a New Mexico agent solicited orders for 50 to 75 lighting systems for an Ohio corporation. The orders were accepted by the corporation in Ohio. The same agent took possession of the purchaser's promissory note in New Mexico. These acts were not considered enough to bar the Ohio corporation from maintaining suit.

*Silversmith* involved a Colorado corporation which was general agent for several insurance companies. The Colorado corporation appointed a special agent in New Mexico to receive and accept proposals for insurance and to collect premiums. The insurance companies and the New Mexico agent were duly regulated by New Mexico insurance licensing and regulating statutes. The Colorado corporation was found not to be doing business in New Mexico within the meaning of N.M.S.A. § 51–30–1.

Access to the courts was also allowed in *Cessna Finance* where a foreign subsidiary of the Cessna Corporation had as its only business the financing of airplanes sold by Cessna dealers in New Mexico.

Judge Bratton, in *Riblet*, held the interstate sale of ski lifts and efforts to secure and collect debts resulting from a conditional sales device insufficient to bar maintenance of a suit. After reviewing New Mexico case law and case law in other jurisdictions with similar statutes, Judge Bratton said, ". . . it appears that the matter turns on the nature and quantity of the contracts."

Engaging in or transacting business as used in an Oklahoma statute similar in impact to the New Mexico statute was defined as "the doing or performing of a series of acts which require time, attention, and labor for the purpose of livelihood, profit, or pleasure." Wilson v. Williams, 222 F.2d 692 (10th Cir. 1955).

The activities of ATA could be summarized as extending engineering services to individuals and businesses in the hopes of establishing a need for a product manufactured by one of ATA's clients or which, in cooperation with ATA, could be developed by one of its manufacturer-clients. ATA works extensively with potential customers of its clients as well as, in many instances, its clients. ATA is constantly seeking new clients and new customers for its clients' products.

This case differs from those cases determining whether the employer of salesmen soliciting sales or promoting a product within a state are doing business within that state. *See* Eli Lilly & Co. v. Sav-On-Drugs, 366 U.S. 276, 81 S.Ct. 1316, 6 L.Ed.2d 288, and cases cited therein. The question here is not whether the manufacturers are doing business in New Mexico but whether ATA is doing business in New Mexico. ATA is not dealing exclusively with promoting sales of a specific product or the products of one manufacturer. It is an independent contractor whose services are available to numerous manufacturers.

The services rendered by ATA are similar to those rendered by a broker. The job of both is to seek out and bring together the person with the need for a specific product and the one (in this case the manufacturer) most able to satisfy the need. A broker was held to be "doing business" within the meaning of a similar statute in Interstate Realty Co. v. Woods, 168 F.2d 701 (5th Cir. 1948), reversed on other grounds, 337 U.S. 535 (1949).

ATA is engaged in considerably more than a single interstate or intrastate transaction. Even construing N.M.S.A. 51–30–1 strictly, as is required, it appears that the conduct of ATA in providing extensive engineering services for clients and customers alike in New Mexico is the precise type of transaction requiring certification by the State Corporation Commission. Until ATA has obtained a certificate, it is barred from maintaining any action, suit, or proceeding in any court of this state. Now, Therefore,

IT IS ORDERED that the motion of the defendants, Charles H. Schmidt and Larry K. Johnson, d/b/a, Technology Marketing Associates, to dismiss be, and it hereby is, granted without prejudice to plaintiff's right to refile upon compliance with N.M.S.A. § 51–30–1.