408 P.2d 53

**GENERAL ACCEPTANCE CORPORATION OF ROSWELL, Plaintiff-Appellee,**

v.

**James HOLLIS and Erminda M. Hollis, Defendants-Appellants.**

**No. 7685.**

Supreme Court of New Mexico.

Nov. 15, 1965.

Robert H. Wagner, Roswell, for appellants.

Harris & Norwood, Roswell, for appellee.

MOISE, Justice.

Plaintiff-appellee brought suit against defendants-appellants seeking judgment for the unpaid balance of a promissory note, together with interest and attorney fees. Defendants immediately filed what is denominated a "Motion for Summary Judgment." The motion was denied by the court. Thereupon, plaintiff filed its amended complaint, and defendants filed a "First Amended and Supplemental Answers to Amended Complaint," together with a "First Amended and Supplemental Counterclaim." Plaintiff then filed "Motion for Summary Judgment and Reply to Counterclaim." This pleading also contains motions to strike certain portions of defendants' pleading, asserts that the amended answer fails to state defenses, and that the counterclaim fails to state claims upon which relief can be granted. After a hearing, the court struck the affirmative defenses, dismissed defendants' counterclaims and determined that plaintiff was entitled to judgment, with the issue as to the amount due and owing remaining to be established upon proof. The parties thereupon stipulated as to the amount which had been paid on the note, and judgment in favor of plaintiff was entered accordingly. Defendants appeal, and here advance three points relied on for reversal.

We first consider if the court correctly determined that the affirmative defenses should be stricken and the counterclaim dismissed. The first three affirmative defenses raised legal issues, whereas the fourth attempts to allege fraud, deception and misrepresentation. The two causes of action of the counterclaim are based on the same allegations asserted in the four affirmative defenses.

Defendants do not argue that the first three affirmative defenses had legal merit, but rather that they should not have been stricken without a trial. The court held that the legal positions advanced by the first three affirmative defenses were not good and we see no factual issue presented therein. Without considering the merits of the defenses, it is certainly clear that if they were not legally valid, defendant was not prejudiced by their being stricken. The same thing is true as to the first cause of action of the first amended and supplemental counterclaim. If the legal argument advanced as the basis for recovery is not meritorious, and we express no opinion on it, and if no issue of fact is present, no valid complaint can be made that a motion to dismiss for failure to state a cause of action or for summary judgment, was sustained. Pederson v. Lothman, 63 N.M. 364, 320 P.2d 378; Ades v. Supreme Lodge Order of Ahepa, 51 N.M. 164, 181 P.2d 161. We are clear that no factual issues requiring a trial were presented and

that defendants' position to the contrary is without merit.

Defendants' fourth affirmative defense to the amended complaint and the second cause of action in their first amended and supplemental counterclaim allege fraud, deception, express and implied misrepresentation "in regard to the details and purpose and consequences of the loan transaction" and reliance thereon to the injury of defendants. The basis for the claim is specified as acts and omissions which were "calculated to and, in fact, did persuade the Defendants that the maximum interest charge for the $1,000.00 principal amount loaned to Defendants was only approximately $248.00, although Plaintiff knew from its business records on previous loans to these Defendants and on previous loans to other borrowers that Defendants would ordinarily in the due course of time actually pay an interest charge which when translated into dollars was a much greater sum than $248.00." It was alleged that this was true because plaintiff had loaned defendants more money than they could repay on the dates it would be due whereupon plaintiffs took more interest than had been represented to be the maximum charged. It was claimed that $165.97 had been paid on the note, of which $103.31 was applied to interest.

We find in the matters alleged neither facts upon which to base a valid defense to the suit on the note, nor grounds for damages by way of counterclaim and it was accordingly not error for the court to strike the defense and grant summary judgment or sustain a motion to dismiss for failure of the counterclaim to state a cause of action. We cannot conceive how the matters alleged can furnish any support for a claim of fraud or misrepresentation. While recognizing that ordinarily claims of fraud present an issue of fact which cannot be determined on motion for summary judgment, 6 Moore's Federal Practice, § 56.17 [27], on the face of the claim it is clear that the facts could not support a conclusion of fraud or of reliance. Compare Bell v. Lammon, 51 N.M. 113, 179 P.2d 757; Berrendo Irrigated Farms Co. v. Jacobs, 23 N.M. 290, 168 P. 483; Morris v. Miller & Smith Mfg. Co., 69 N.M. 238, 365 P.2d 664.

Nothing more remains except for us to determine if any issue of fact was present in connection with the allegations of the amended complaint and the denials thereof.

The amended complaint asserted execution by defendants on November 27, 1962 of a promissory note for $1,000.00, payable with interest in 24 consecutive monthly installments of $51.99 each. A copy of the note was attached. It was further alleged that the unpaid balance after allowing all just credits and offsets was $980.12, together with interest at specified rates, all of which was in default as defendants had failed and refused to pay the same, and the

plaintiff, after making diligent efforts to collect, had declared the entire balance due as provided in the note. Interest at 10% on any judgment to be rendered was sought, together with a reasonable attorney fee.

In their first amended and supplemental answer, defendants admitted execution of the note as alleged, but for lack of information denied that the copy attached to the complaint was a true copy, and demanded strict proof. They also denied that the unpaid balance was $980.12, as alleged in the complaint, or that payments had been properly accelerated as provided in the note and alleged in the complaint, but admitted their refusal to pay. They denied plaintiff was entitled to 10% interest on the amount of any judgment, that they were liable for attorney fees, or that plaintiff had diligently attempted collection.

 We fail to see in any of defendants' denials any material issue of fact raised which would justify a trial. They admit borrowing $1,000.00 from plaintiff, execution of a note, and its non-payment. Under § 21–1–1(9) (j), N.M.S.A.1953, the execution of a note sued on is taken as proved since defendants have admitted execution of a note, and no denial under oath of the genuineness of the note attached as an exhibit was made, as required by § 21–1–1(9) (l), N.M.S.A.1953. The terms of the note are self explanatory. No material

issue remaining to be determined except the unpaid balance, the court properly entered summary judgment against defendants. § 21–1–1(56) (c), N.M.S.A.1953.

 In arriving at our conclusion we have given full consideration to our numerous cases holding to the effect that when the slightest issue of fact is present, summary judgment is not proper, as well as the rule that the burden is on the one seeking summary judgment to establish his rights thereto; and that all reasonable inferences are to be resolved in favor of a trial and against summary judgment. We do not consider citation of authority in support of these oft repeated rules necessary. None of them lend defendants any assistance. Neither is there anything in Peoples v. Peoples, 72 N.M. 64, 380 P.2d 513, dealing with the treatment to be given to defective pleadings, which can in any way aid defendants.

Defendants' other argument in their brief is addressed to the denial by the court of a jury trial demanded in the cause. In view of our disposition of the other points no consideration need be given to this one.

The judgment of the trial court is affirmed.

It is so ordered.

CARMODY, C. J., and NOBLE, J., concur.