417 P.2d 24

**FEDERAL BUILDING SERVICE,**
Plaintiff-Appellant,

v.

The **MOUNTAIN STATES TELEPHONE
AND TELEGRAPH COMPANY,**
Defendant-Appellee.

No. 7905.

Supreme Court of New Mexico.

July 25, 1966.

Thomas E. Jones, Albuquerque, for appellant.

Iden & Johnson, J. T. Paulantis, Marshall G. Martin, Albuquerque, for appellee.

## OPINION

E. T. HENSLEY, JR., Chief Judge, Court of Appeals.

A partnership doing business under the name Federal Building Service was the plaintiff in the trial court and will hereinafter be referred to as the appellant. The Mountain States Telephone and Telegraph Company is the appellee.

The appellant filed suit to recover damages, actual and exemplary, for the appellee's alleged failure to carry an advertisement in the "Yellow Pages." From a summary judgment comes this appeal.

The first of four points advanced by the appellant is that a motion for summary judgment is not to be considered as a substitute for a trial and should not be granted where there is a genuine issue of material fact. With that statement the appellee does not quarrel, neither do we. The contract between the parties provided that in case of error in the advertisement, or omission of the advertisement, that the liability of the company (appellee) "in no event shall exceed the amount payable to the company for said advertisement during the service life of the directory in which the error or omission occurs." The affidavit by the Division Directory Sales Manager for the appellee at Albuquerque, New Mexico, submitted in support of the motion for summary judgment recited that no charge was made for the advertisement for 1963. This sworn statement was not controverted. Conse-

quently the appellee was bound by its contract to be entitled to exactly nothing. There being no genuine issue of material fact the trial court did not err in granting summary judgment. Smith v. Southern Bell Tel. & Tel. Co., 51 Tenn.App. 146, 364 S.W.2d 952.

The second point of the appellant attacks the affidavit previously referred to on the ground that the contents of the affidavit were not made on the personal knowledge of the affiant, were hearsay and consequently inadmissible. The affidavit recited that no charge was made to the plaintiff for listing in the Yellow Pages of the 1963 directory. Attached to the affidavit were copies of excerpts of the business records of the plaintiff. No objection was made to the fact that they were copies. The content of the affidavit that was material was not controverted, that is, there was no showing by the appellant that any consideration had been paid for the listing. The point is without merit.

The third point is a contention that the trial court erred in failing to file requested findings of fact. Section 21–1–1 (52) (B) (a) (1) N.M.S.A.1953 provides:

"Upon the trial of any case by the court without a jury, its decision which shall consist of its findings of fact and conclusions of law, must be given in writing and filed with the clerk in the cause. In such decision the court shall find the facts and give its conclusions of law per-

tinent to the case, which must be stated separately."

The rule just quoted requires findings after trial. Here there was no trial and this was so because the court, in effect, ruled that there was no material issue of fact to be determined. In Lindsey v. Leavy, 149 F.2d 899, 902 (9th Cir.1945), it was held that "[s]ince a summary judgment presupposes that there are no triable issues of fact, findings of fact and conclusions of law are not required in rendering judgment * * *. Failure to make and enter findings and conclusions is not error." This case was decided before the 1946 amendment to Federal Rule 52, which amendment specifically provided that findings of fact and conclusions of law are not required in summary judgment. It is included here because we approve its rationale.

Lastly, and for its fourth point, the appellant contends that the summary judgment granted by the trial court is not supported by substantial evidence. This is a mere restatement of the first point. We have before us the pleadings and the supporting affidavits and we continue to hold that the trial court did not err in granting summary judgment.

The ruling of the trial court is affirmed.

It is so ordered.

CHAVEZ, NOBLE and COMPTON, JJ., and LaFEL E. OMAN, Judge, Court of Appeals, concur.