427 P.2d 246

GREAT WESTERN CONSTRUCTION COMPANY, a corporation, Plaintiff-Appellant,

v.

N. C. RIBBLE COMPANY, Defendant-Appellee.

No. 7892.

Supreme Court of New Mexico.

April 24, 1967.

Waldo Spiess, Santa Fe, James Sidwell, William R. Hendley, Albuquerque, for appellant.

Toulouse, Ruud, Gallagher & Walters, Albuquerque, for appellee.

## OPINION

CHAVEZ, Chief Justice.

This is an appeal from a summary judgment in favor of defendant-appellee, N. C. Ribble Company. The complaint alleged

a breach of warranty contained in a lease agreement, wherein appellee leased a crushing and screening plant to appellant with an option to purchase said crushing plant.

The record shows that Great Western Construction Company was incorporated under the laws of New Mexico on June 1, 1956. The original incorporators, first directors and officers were W. M. Purdon, president; W. H. Garrett, vice-president; and J. B. Womack, secretary-treasurer. During its corporate life, one William C. Morgan was the only person authorized to conduct all of the business of the corporation. Purdon was and still is considered a director and president of the corporation, but Morgan often signed papers as president. Meetings of the board of directors appeared to have been held only twice, the first in 1956 and the second in 1957. None of the directors participated actively in the business except to advise Morgan. The situation is further confused by the fact that records of the corporation were stolen from the Grants office in September 1958. The last business conducted by the corporation was in 1959. In its brief, appellant alleges that, prior to the filing of this suit, the corporation ceased to have corporate existence without being formally dissolved by its directors.

With respect to William C. Morgan, the record is not clear as to whether he has ever held any stock in his own name or been elected to any office. He testified that he is general manager, president by proxy, and "last serving" director of the corporation. He supports this contention by two rather broadly written powers of attorney from Purdon, the majority stockholder, and statements, written and oral, that he was appointed a director by the majority stockholder.

In August 1960, Morgan filed a petition in bankruptcy, which stated in Debtor's Petition No. 3110: "WILLIAM CUSTER MORGAN, jr. dba . . . GREAT WESTERN CONSTRUCTION COMPANY." In the statement of debts of the bankrupt, there were listed as a part of the total debts $26,656.52 as "also jointly incurred by Great Western Construction Company, Inc." Morgan was given a discharge in bankruptcy in Cause No. 3110 in February, 1961.

The decision to file this suit was apparently made by William C. Morgan and filed by him on behalf of plaintiff-appellant on December 27, 1963. Morgan discussed this decision only with Purdon and Purdon verbally gave his approval. Morgan did not obtain approval from anyone else to file this suit.

■ Appellee argues that, since Morgan was not a stockholder, he could not have been a director of the corporation with the right to file this suit, relying on § 51–2–14, N.M.S.A., 1953 Comp., which states in part:

"The business of every corporation shall be managed by its directors (who

shall respectively be stockholders therein unless otherwise provided in its charter), * * *."

This section conflicts with § 51-6-1, N.M. S.A., 1953 Comp., which states in part:

" * * * Unless otherwise provided in the certificate or articles of incorporation, or an amendment thereof, it shall not be necessary for directors to be stockholders. * * *"

These two sentences were incorporated into §§ 51-2-14 and 51-6-1, supra, by an amendment on March 14, 1927, Laws 1927, Ch. 112, which amended Laws 1905, Ch. 79, §§ 11 and 50; Code 1915, §§ 895 and 935. The sentence contained in § 51-2-14, supra, is in § 5 and the one found in § 51-6-1, supra, is in § 8 of the 1927 amendment. In Nye v. Board of Com'rs of Eddy County, 36 N.M. 169, 9 P.2d 1023, this court held that, if two provisions of the same statute are irreconcilable, the provision last placed will be deemed to repeal the other. The sentence quoted from § 51-6-1, supra, is the provision last placed and is controlling.

█ Appellee also argues that the right to file this suit belongs to the trustee in bankruptcy, as cause No. 3110 placed not only Morgan in bankruptcy but also Great Western Construction Company. Appellee contends that Debtor's Petition No. 3110 was a petition of Morgan and Great Western Construction Company, because the petition was styled "WILLIAM CUSTER MORGAN jr. dba . . ., GREAT WESTERN CONSTRUCTION COMPANY" and because debts jointly owed were listed in the petition.

Appellant contends that the listing of debts jointly owed by appellant corporation and Morgan was to excuse Morgan's obligation on those debts and concludes that, as Morgan did not own any shares in said corporation and appellant was not in bankruptcy, the trustee in bankruptcy acquired no right or interest in appellant. We agree with appellant.

█ The most cursory research on this question shows, where there is a joint debt and one of the joint debtors files bankruptcy, that his discharge in bankruptcy discharges only his obligation on the debt. The obligation of the other joint debtor is not affected.

We find it difficult to comprehend how an individual, who owns no shares of a corporation, can be "doing business as" the corporation, or how this same individual, by merely using the term "dba" can place the corporation in bankruptcy. Selecting a few words in a court provided form seems a tenuous basis on which to build an argument. Conversely, the opposition could select a few words from the same form and build a contrary argument. For example, the order discharging the bankrupt states:

"It is ordered that the said William Custer Morgan, Jr. be, and he hereby is,

discharged from all debts and claims * * *."

The main issue argued in the briefs is whether or not appellant had the capacity to sue and whether Morgan had the power to file suit. We do not think it necessary to consider the arguments on this point because summary judgment was improperly granted. There are genuine issues of material facts which are in dispute.

A summary judgment will be granted only when the moving party is entitled to a judgment as a matter of law upon clear and undisputed facts. Institute for Essential Housing, Inc. v. Keith, 76 N.M. 492, 416 P.2d 157; Federal Building Service v. Mountain States Tel. & Tel. Co., 76 N.M. 524, 417 P.2d 24. The purpose of the hearing on the motion for such a judgment is not to resolve factual issues. It is to determine whether there is any genuine issue of material fact in dispute and, if not, to render judgment in accordance with the law as applied to the established facts; otherwise, to deny the motion for summary judgment and allow the action to proceed to a trial of the disputed facts. McLain v. Haley et al., 53 N.M. 327, 207 P.2d 1013; Zengerle v. Commonwealth Insurance Co. of N. Y., 60 N.M. 379, 291 P.2d 1099; Johnson v. Primm, 74 N.M. 597, 396 P.2d 426. The party moving for summary judgment has the burden of establishing that the material facts are not in dispute. General Acceptance Corp. of Roswell v. Hollis, 75 N.M. 553, 408 P.2d 53.

Before the question of whether appellant had the capacity to sue and if Morgan had the power to file suit can be considered, there are several issues of fact that must be answered, among them being the following: (1) Was the corporate franchise forfeited so that the right to sue is derived from § 51–7–4, N.M.S.A., 1953 Comp., by which the last directors act as trustees? (2) Was Morgan a director at the time of forfeiture of the corporate franchise, if it was forfeited? (3) Who were the last directors, if there was a forfeiture of the franchise? (4) If there was not a forfeiture of the franchise, did the directors delegate authority to Morgan to institute the action? The facts shown in the record are not sufficient to support a finding on these and other material issues. To the contrary, the record appears to be extremely confusing and contradictory. The function of the summary judgment is to avoid useless trial; but where, as here, there are genuine issues as to material facts, a trial is absolutely necessary.

The judgment is reversed and the case remanded to the district court, with direction to set aside the summary judgment

heretofore entered and to proceed in a manner consistent with this opinion.

It is so ordered.

NOBLE, J., MOISE and CARMODY, JJ., and HENSLEY, C. J., Court of Appeals, concur.