441 P.2d 210

**A. L. BURDEN and H. P. Orts,
Plaintiffs-Appellees,**

v.

**COLONIAL HOMES, INC., Defendant-
Appellant.**

**No. 8450.**

Supreme Court of New Mexico.

April 1, 1968.

Rehearing Denied June 7, 1968.

Girand, Cowan & Reese, Malcolm L. Shaw, Hobbs, for appellant.

Lowell Stout, Ray H. Potter, Hobbs, for appellees.

## OPINION

CHAVEZ, Chief Justice.

This is an appeal by defendant-appellant, Colonial Homes Inc., from a summary judgment rendered in favor of plaintiffs-appellees, A. L. Burden and H. P. Orts, in an action for recovery under a compromise agreement, or for damages for breach of contract, and for money had and received. The suit was originally instituted by A. L. Burden and Alamo Sales Corporation against Colonial Homes, Inc. H. P. Orts was added later as a party by agreement of the parties for the reason that Alamo Sales Corporation was dissolved

and H. P. Orts, along with A. L. Burden, was successor in interest of Alamo Sales Corporation. Appellant answered denying appellees' claims and pleading affirmatively agreements of compromise, settlement and release of all claims.

Appellee Burden and appellant entered into a franchise agreement dated June 12, 1961, under which Burden was to be dealer and distributor for appellant, in a certain geographical area, of swimming pool panels which were fabricated for appellant by Minnesota Mining and Manufacturing Company, hereinafter referred to as "3M." Under the franchise agreement, Burden was required to pay to appellant certain amounts of money to be applied as credit against the purchase by Burden from appellant of pool panels. The amount remaining unapplied of these deposits or franchise payments on the Burden contract is $3,300. Alamo Sales Corporation and appellant entered into a similar franchise agreement dated June 1, 1961, whereby Alamo Sales Corporation was the dealer and distributor for appellant. The amount remaining as unapplied deposits or franchise payments under this contract is $5,000.

Burden and appellant executed an agreement dated October 22, 1964, entitled "AGREEMENT OF COMPROMISE, SETTLEMENT AND RELEASE OF ALL CLAIMS." Under this compromise agreement, it was stated that the amount of unapplied deposits was $3,300; that defects in the pool panels resulted in financial loss and damage to Burden; that appellant had brought an action against 3M in federal court in California asserting in that suit a potential liability of appellant to Burden for dealer's damages; that Burden and appellant wished to settle all rights and liabilities between them and to liquidate the amount of dealer damages; that they therefore agreed to cancel and terminate their franchise agreement; that Burden released and discharged appellant from any and all claims; and. that appellant would, in full settlement and reimbursement of damages to Burden, pay to Burden a settlement sum

of $6,186.92 "out of and upon obtaining satisfaction from 3M of any judgment which Colonial [appellant] may obtain in said action." The compromise agreement also stated:

"This Agreement shall not be effective for any purpose unless Colonial recovers in said action damages against 3M as a result of Colonial's liability to Dealer [Burden]. If said recovery shall be more or less than said Settlement Sum, Dealer and Colonial agree that said recovered sum, rather than the amount set forth in (3) above [$6,186.92], shall constitute the Settlement Sum."

The settlement sum included the $3,300 in unapplied deposits or franchise payments. Alamo Sales and appellant executed a similar compromise agreement dated October 22, 1964. The terms of that agreement vary in pertinent part, only in that the amount of unapplied deposits or franchise payments is $5,000 and the settlement sum of $8,224.10 included the $5,000 in unapplied deposits or franchise payments.

Although findings of fact are not necessary in a summary judgment proceeding, Federal Building Service v. Mountain States T. & T. Co., 76 N.M. 524, 417 P.2d 24, the trial court made the following findings of fact: That the pool panels to be provided under the contract proved defective, to the financial loss and damage to appellees in the amounts of $6,186.92 including the deposit of $3,300, and $8,224.10 including the deposit of $5,000, and that the $3,300 and $5,000 amounts are still retained by appellant as unapplied deposits; that by the terms of the compromise agreements, appellant agreed to pay to A. L. Burden the sum of $6,186.92 and to Alamo Sales Corporation the sum of $8,224.10, out of any recovery from 3M made by appellant in its civil action in the federal court in California; that appellant recovered from 3M the sum of $1,003,000, but appellant failed and refused to pay amounts due appellees totalling $14,411.02; that the federal court in California prepared a memorandum regarding the suit in the

federal court in California on or about December 10, 1964, in which it set out the amount of liability of appellant to dealers and distributors, foreseeable with reasonable certainty and attributable to 3M's breach of contract; that the provisions of the California settlement were kept secret by the parties thereto; that the $3,300 and $5,000 payments made to appellant were deposits to be applied on future purchases and were not franchise payments; that there was no evidence or factual basis to support appellant's claim that the deposits were forfeited; that the compromise agreements did not change or limit the amounts due appellees as to the unapplied deposits; and that appellants did not and could not urge in the suit in California any liability to return the unapplied deposits as an element of damage against 3M, and it would not have been possible for appellant to have recovered the unapplied deposits in that action because such deposits were held by appellant.

The trial court rendered summary judgment for appellees in the amounts of $4,939.28 and $6,893.19, plus interest thereon at the rate of 6% per annum from December 11, 1964, until paid. The $4,939.28 figure is the unapplied deposits or franchise payments of $3,300, plus $1,639.28, which was computed by the trial court as follows:

$$\frac{\$74,743.00}{\$87,755.71} \times \$2,886.92, \text{ less } \frac{1}{3}\text{rd the product}$$

thereof.

The $6,893.19 figure is the unapplied deposits or franchise payments of $5,000, plus the figure of $1,893.19 (which should be $1,830.68), and was computed by the trial court as follows:

$$\frac{\$74,743.00}{\$87,755.71} \times \$3,334.10 \text{ (sic), less } \frac{1}{3}\text{rd the}$$

product thereof.

The memorandum of the federal court in California was incorporated by reference in the trial court's findings and it stated the amount of liability of appellant to dealers and distributors, foreseeable with reasonable certainty and attributable to 3M's breach of contract, to be $74,743.

The $87,755.71 figure was incorporated from the trial court's own memorandum decision into its conclusions of law. The figure was stated in the trial court's memorandum decision to be the total amount of dealers' settlement claims made in the action in California. This figure was obtained from the exhibit attached to the deposition of Malcolm Shaw, which exhibit showed the total of settlement sums in the compromise agreements between appellant and dealers, excluding deposits.

Thus, the trial court allowed recovery to appellees to the full extent of their unapplied deposits or franchise payments, plus a pro rata share along with other dealers, who had made compromise agreements with appellant, in the amount recovered by appellant from 3M for liability of appellant to dealers and distributors attributable to 3M's breach, less one-third attorneys' fees, plus interest on the sum of these amounts. The deduction of attorneys' fees was made pursuant to an agreement of the parties and is not questioned on appeal.

The trial court considered the agreements of compromise as being effective and gave judgment on the basis above set forth. That the compromise agreements are in force and effect is not questioned on this appeal.

Appellant raises one point, that the "TRIAL COURT MAY NOT GO BEYOND THE TERMS OF A WRITTEN SETTLEMENT CONTRACT BETWEEN THE PARTIES." Appellant argues that the trial court failed to interpret the compromise agreements between the parties according to the clear and unambiguous terms of the compromise agreements, and that the trial court went beyond the terms of the compromise agreements in awarding judgment for appellees. Specifically, appellant contends that the trial court erred in segregating the dealer damages into two categories—one for unapplied deposits, the other for other damages. Appellant also contends that the trial court used the wrong figures in its formula for arriving at appellees' award, and that what was considered by the trial court as un-

applied deposits was really franchise payments and should have been so considered by the trial court.

It is unnecessary to decide whether the so-called deposits made by appellees under the franchise agreements were intended to be merely deposits, returnable if pool panels were either not ordered by appellees or not supplied by appellant, or were intended to be franchise payments, not returnable even if pool panels were not ordered by appellees. In either instance, appellees would have a right, pursuant to the terms of the agreements of compromise, to the return of the unapplied part of the deposits or franchise payments (an integral part of the settlement sum) in the present case, to the extent that such deposits or franchise payments were recovered by appellant in the action in California. The terms of the agreements of compromise in this respect are as follows:

"3. In full settlement and reimbursement of said damages of Dealer, Colonial agrees to pay to Dealer a Settlement Sum of $6,186.92 [$8,224.10 in the other agreement of compromise] out of and upon obtaining satisfaction from 3M of any judgment which Colonial may obtain in said action.

"4. This Agreement shall not be effective for any purpose unless Colonial recovers in said action damages against 3M as a result of Colonial's liability to Dealer. If said recovery shall be more or less than said Settlement Sum, Dealer and Colonial agree that said recovered sum, rather than the amount set forth in (3) above, shall constitute the Settlement Sum."

■■ The compromise agreements are effective by their own terms to terminate the franchise agreements. By the terms of the agreements of compromise:

"1. The Franchise Agreement is cancelled and terminated.

"2. Dealer forever releases and discharges Colonial from any and all claims, demands and causes of action of any nature whatsoever arising before the date of this agreement, including without limitation, those arising out of or connected with said Franchise Agreement, said 10 Year Warranty, or said pool panels. * * *"

These provisions were prefaced by the statement that:

"F. Dealer and Colonial desire to settle all rights and liabilities between them concerning the above described matters and liquidate the amount of Dealer's said damages."

The "above described matters" there referred to included both the unapplied deposits and the financial loss and damage stated to have been suffered by appellees as a result of the defective pool panels. We are bound by the unambiguous language of the settlement agreements. Woodson v. Lee, 73 N.M. 425, 389 P.2d 196; Fuller v. Crocker, 44 N.M. 499, 105 P.2d 472. The parties, having agreed upon a settlement sum which included deposits or franchise payments, cannot now attempt to go outside the agreement for evidence to support a contrary conclusion, that deposits or franchise payments were not intended to be part of the settlement sum. Woodson v. Lee, supra.

It is clear from the pleadings and affidavits before us that appellant recovered from 3M by way of settlement certain amounts which included claims of appellees against appellant. The uncontradicted affidavit of James R. Miller, a certified public accountant, shows that the amount of appellees' claims submitted by appellant in the action in California against 3M was $14,411.02 ($6,186.92 and $8,224.10, the settlement sums in the agreements of compromise). Also, it was shown by the memorandum of the federal court in California that a part of the California settlement recovery by appellant ($74,743) was on account of liability of appellant to dealers and distributors foreseeable with reasonable certainty and attributable to 3M's breach of contract. The memorandum was attached to the deposition of Malcolm L.

Shaw, director of appellant company. Mr. Shaw's deposition was submitted to the trial court on motion for summary judgment, wherein he stated that the amount of the California settlement was geared to the California federal court's memorandum "to the penny."

Appellant does not contend that it should be allowed to recover certain amounts on behalf of appellees and then not have to pay these amounts over to appellees. On the contrary, appellant agrees that something is due appellees as a result of the settlement with 3M. Appellant's contention is that appellees' recovery should have been limited to that percentage of the California settlement figure which appellees' claims, as reflected in the compromise agreements, comprise in the total of all dealers' claims presented in the California action. We cannot agree. The agreements of compromise say nothing about a mere percentage share in a recovery from the action against 3M. Whatever claims of appellant which were gained by appellant in the California settlement, to the extent that they represent claims of appellees as determined by the settlement sums in the compromise agreements, are due appellees because of the terms of the agreements of compromise, as set out above.

By showing that appellant recovered from 3M on account of liability of appellant to dealers, and by showing the agreements of compromise, appellees made a prima facie case for recovery against appellant under the terms of the agreements of compromise. Appellant had the burden of showing there was a factual issue in order to defeat summary judgment in favor of appellees. Southern Union Gas Co. v. Briner Rust Proofing Co., 65 N.M. 32, 331 P.2d 531; Cervantes v. Forbis, 73 N.M. 445, 389 P.2d 210. The factual issue was not what percentage appellees' claims made up in the total of dealers' claims recovered in the California settlement, but to what extent, if any, appellees' claims were increased or decreased in the California settlement. This appellant failed to do and appellees could, therefore, have been held to be entitled to the full amount of the settlement sums set out in the compromise agreements. However, this does not require a reversal. There being no cross-appeal, appellees will not be heard to complain now of a recovery for an amount less than the settlement sums in the agreements of compromise. Appellees are entitled to the amount which the trial court determined to be due.

The trial court arrived at its result on a different basis, viz., that the California settlement should be pro rated and that appellant could not have recovered the amount of unapplied deposits as an element of damages against 3M. As we read the compromise agreements, no provision is made for pro rating the recovery. Rather, paragraph 4 thereof provides that, in the event of recovery of more or less than the settlement sums agreed upon (which sums included unapplied deposits or franchise payments and dealer damages), the amount recovered should constitute the settlement sums. As already noted, the proof would support a finding that the recovery in California included the dealer damages of appellees. In addition, that recovery was in an amount sufficient to cover the deposits (whether or not actually included therein). There is nothing in the proof which would in any way support a finding that the recovery from 3M, as a result of appellant's liability to appellees, was less than the amount adjudged by the trial court to be due appellees. It is sufficient to observe in this regard that the uncertainties in the proof, which resulted from the method adopted for final disposition of the California litigation, make difficult, if not impossible, the itemization of specific amounts that may have been included in the California settlement and which would, therefore, be due particular parties. This being true, the conclusion of the trial court will not be disturbed.

The trial court reduced appellees' recovery by one-third of the amount concluded

by it to have been recovered by appellant from 3M on account of dealer damages. Appellees agree that this was proper. Appellant argues that all amounts determined to have been recovered should have been reduced by one-third on account of attorneys' fees. However, the agreement between the parties does not provide for this and we see nothing elsewhere in the record before us to support appellant's position on this matter.

The fact that the trial court used an erroneous method does not, in view of the absence of a cross-appeal here, make incorrect the result reached by the trial court. Accordingly, the judgment of the trial court is affirmed.

It is so ordered.

MOISE, J., and WOOD, J. Court of Appeal, concur.