454 P.2d 965

**Wilma SHUMATE and David Shumate, Plaintiffs-Appellants,**

v.

**Asey H. HILLIS, Defendant-Appellee.**

**No. 8632.**

Supreme Court of New Mexico.

June 2, 1969.

Farlow & Duffy, Albuquerque, for plaintiffs-appellants.

McAtee, Marchiondo & Michael, Charles G. Berry, Joseph D. Beaty, Albuquerque, for defendant-appellee.

OPINION

MOISE, Justice.

Plaintiffs-appellants instituted this action to recover against defendant-appellee on a judgment rendered in California. A properly exemplified copy of the California judgment reciting that defendant had "been duly and regularly served with process pursuant to the provisions of the law pertaining to same" was attached to the complaint.

Defendant filed an answer (1) asserting that the complaint failed to state a cause of action; (2) pleading that the claim asserted was barred by the statute of limitations; (3) denying all of the allegations of the complaint; and (4) alleging that the judgment sued on was invalid and void because of an absence of jurisdiction over defendant in that he had never been served with process.

Thereafter, plaintiffs and defendant filed motions for summary judgment under Rule 56 of Rules of Civil Procedure (§ 21–1–1(56), N.M.S.A.1953). After a hearing at which no record was made, the trial court entered judgment sustaining defendant's

motion and dismissing the complaint. Plaintiffs have appealed.

■ The only question presented is whether under the record before us it was error for the court to grant summary judgment in favor of the defendant, and to refuse summary judgment for the plaintiffs. We have many times stated that to grant summary judgment is error if any question of material fact is present, Worley v. United States Borax and Chemical Corp., 78 N.M. 112, 428 P.2d 651 (1967); General Acceptance Corp. of Roswell v. Hollis, 75 N.M. 553, 408 P.2d 53 (1965).

■ Findings of fact are not required in a summary judgment proceeding, Burden v. Colonial Homes, Inc., 79 N.M. 170, 441 P.2d 210 (1968), and here there were none. The court stated in its summary judgment that it had reviewed the evidence, and that the California judgment was void and not entitled to full faith and credit because defendant had not been personally served in California. As already indicated, there was no record of any evidence being presented, and, accordingly, we are asked to determine if the plaintiffs should prevail because of an absence of basis in the record for the court's judgment, or if, on the other hand, the defendant is right on a theory that the judgment is entitled to all presumptions in its favor where appellants fail to present a record showing it to be wrong. Gen. Serv. Corp. v. Bd. of County Comm'rs, 75 N.M. 550, 408 P.2d 51 (1965). It is asserted by defendant that certain evidence was received and stipulation reached. However, plaintiffs deny this.

■ As already noted, summary judgment is proper only when there is no genuine issue of material fact, and findings are not required. As we see it, there can be no possible basis for summary judgment under the record here present. The judgment sued on recites sufficient service of process, whereas, the defendant denies such service. This certainly raises an issue of material fact which cannot be resolved by taking evidence at a hearing on summary judgment. That, after trial on the merits, such a finding might be made if justified by the evidence cannot be doubted, see Houston Fire & Cas. Ins. Co. v. Falls, 67 N.M. 189, 354 P.2d 127 (1960), but we are dealing with summary judgment and not a trial.

■ The rule announced in Gen. Serv. Corp. v. Bd. of County Comm'rs, supra, relied on by defendant, has no application. That case did not involve summary judgment, but a decision on the merits. That the failure to furnish a record of the evidence would be decisive against an appellant in such circumstances cannot be questioned. Here, the situation is entirely different. Under summary judgment procedure, all reasonable inferences are to be resolved in favor of trial and against summary judgment, and the burden is on the moving party to establish the absence of a genuine issue as to any material fact—in this case, whether defendant was personally served. See Gen. Acceptance Corp. v. Hollis, supra. The judgment sued upon recites proper service; the defendant's answer asserts no personal service. Without proof by uncontradicted affidavit or deposition, the fact issue could not be determined on motion for summary judgment, which is not to be used as a substitute for a trial. Federal Bldg. Serv. v. Mountain States Tel. & Tel. Co., 76 N.M. 524, 417 P.2d 24 (1966). Compare, Southern Union Gas Co. v. Briner Rust Proofing Co., 65 N.M. 32, 331 P.2d 531 (1958).

It follows that the court erred in dismissing the complaint on motion for summary judgment, and that the judgment appealed from should be reversed, the cause remanded with instructions to set aside the order of dismissal, overrule the motion for summary judgment, and grant plaintiffs a trial on the merits.

It is so ordered.

NOBLE, C. J., and COMPTON, J., concur.