471 P.2d 170

Elizabeth JACOBSON, Plaintiff-Appellant,

v.

**STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, De-
fendant-Appellee.**

No. 8955.

Supreme Court of New Mexico.

June 22, 1970.

Thomas D. Schall, Jr., Albuquerque, for appellant.

E. E. Klecan, Rozier E. Sanchez, Albuquerque, for appellee.

## OPINION

SISK, Justice.

Plaintiff appeals from an order granting defendant's motion for summary judgment, dismissing her complaint with prejudice,

and denying her motion to amend her complaint.

Plaintiff's complaint sought judgment in the full amount of the medical payment coverage provided under an insurance policy issued to her by defendant. The complaint alleged that plaintiff was seriously injured as the result of a certain automobile accident, and that as a result of her injuries she required medical treatment and medication in excess of the policy limits. Defendant did not file an answer, but filed a motion for summary judgment, in which it referred to and attached a copy of the insurance policy. Thereafter, on September 24, 1969, plaintiff filed a motion to amend her complaint to include a specific claim under the total disability provisions of the same insurance policy. The court's order was filed on October 14, 1969, and recited that the matter came on for hearing on defendant's motion for summary judgment and that the motion should be granted. The plaintiff's contentions that dismissal of the complaint and denial of the motion were erroneous must be sustained.

Rule 15(a) of our Rules of Civil Procedure (§ 21–1–1(15) (a), N.M.S.A. 1953) provides in its material part:

"A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within twenty [20] days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. * * *"

A motion for summary judgment is not a responsive pleading within the meaning of Rule 15(a). Rogers v. Girard Trust Co., 159 F.2d 239 (6th Cir. 1947); Park-In Theatres, Inc. v. Paramount-Richards Theatres, Inc., 9 F.R.D. 267 (D.Del.1949); § 21–1–1(56) (b), N.M.S.A.1953; 3 Moore's Federal Practice (2d Ed.1964) pp. 851, 852. At the time plaintiff filed her motion to amend, summary judgment had not been entered and no responsive pleading had been filed, and under Rule 15(a), supra, she was entitled to amend as a matter of right. Although leave of court was not necessary to file an amended complaint, it was error to deny such leave when timely requested by motion. Rogers v. Girard Trust Co., supra.

In deciding a summary judgment motion, the court must view the matters presented and considered by it in the most favorable aspect they will bear in support of the right to a trial on the issues, and all reasonable inferences must be construed in favor of the party against whom the summary judgment is sought. Shumate v. Hillis, 80 N.M. 308, 454 P.2d 965 (1969); Burden v. Colonial Homes, Inc., 79 N.M. 170, 441 P.2d 210 (1968); Ute Park Summer Homes Ass'n v. Maxwell Land Grant Co., 77 N.M. 730, 427 P.2d 249 (1967). Where no answer has been filed and the summary judgment motion is not supported by affidavits, every allegation of the complaint must be taken as true. Ferraioli v. Cantor, 281 F.Supp. 354 (S.D.N.Y.1968); Woods Exploration & Producing Co. v. Aluminum Co. of America, 36 F.R.D. 107 (S.D.Tex.1963); Park-In Theatres, Inc. v. Paramount-Richards Theatres, Inc., supra; Ransom v. Haner, 362 P.2d 282 (Alaska 1961).

The trial court's order of October 14, 1969 recited only that the matter came on for hearing on the summary judgment motion and that the court heard the arguments of counsel. The record reflects that only the complaint, the summary judgment motion, and the insurance policy were before the court. Examination of those instruments reflects the existence of genuine

**602**

issues of material fact, and summary judgment was therefore improper.

 No findings of fact were made by the trial court or were requested by either party, and the court's order gave no reason or explanation for the granting of summary judgment. Defendant argues that under Rule 52(B) (a) (6) (§ 21–1–1(52) (B) (a) (6), N.M.S.A.1953) appellant's failure to request findings constituted failure to preserve error. We cannot agree. The correct rule, applicable to the facts of this case, is stated in Federal Bldg. Service v. Mtn. States T. & T. Co., 76 N.M. 524, 417 P.2d 24 (1966):

> "The rule just quoted [§ 21–1–1(52) (B) (a) (1), N.M.S.A.1953] requires findings after trial. Here there was no trial and this was so because the court, in effect, ruled that there was no material issue of fact to be determined. In Lindsey v. Leavy, 149 F.2d 899, 902 (9th Cir. 1945), it was held that '[s]ince a summary judgment presupposes that there are no triable issues of fact, findings of fact and conclusions of law are not required in rendering judgment * * *. Failure to make and enter findings and conclusions is not error.' This case was decided before the 1946 amendment to Federal Rule 52, which amendment specifically provided that findings of fact and conclusions of law are not required in summary judgment. It is included here because we approve its rationale."

The same reasoning is applicable to Rule 52(B) (a) (6), supra. Compare Rule of Civil Procedure 52(B) (a), as amended effective October 1, 1969 (§ 21–1–1(52) (B) (a), N.M.S.A.1953 [Supp.1969]).

The case is reversed and remanded to the trial court with instructions to proceed in a manner consistent with this opinion.

It is so ordered.

COMPTON, C. J., and TACKETT, J., concur.