This memorandum opinion was not selected for publication in the New Mexico Reports.  Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**PRISCILLA C. ZUNIGA, n/k/a PEREZ,**

    Petitioner-Appellant,

v.                                   **NO. 29,161**

**MICHAEL JERRY ZUNIGA,**

    Respondent-Appellee,

and

**MIGUEL R. ZUNIGA and
RAMONA G. ZUNIGA**,

    Intervenors-Appellees.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Michael T. Murphy, District Judge**

Michael L. Danoff
Albuquerque, NM

for Petitioner-Appellant

Grace B. Duran
Albuquerque, NM

for Respondent-Appellee

Lloyd O. Bates Jr. Law Firm
Lloyd O. Bates, Jr.
Las Cruces, NM

for Intervenors-Appellees

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

This is a domestic dispute between wife (Petitioner) and husband (Respondent) and husband's parents (Intervenors). Petitioner appeals from (1) the order granting Intervenors and Respondent summary judgment [RP 232] and (2) the order denying Petitioner's motion for reconsideration, and her Rule 1-060(B) motion [RP 236]. This Court's calendar notice proposed to reverse the district court's order granting summary judgment to Intervenors/Respondent (Issue 1) and remand this case for trial on the merits. [Ct. App. File, CN1] Because of the dispositive nature of the proposed disposition on Issue 1, this Court did not address Issues 2 and 3. [Id.] Intervenors have filed a memorandum in opposition to the proposed disposition. [Ct. App. File, MIO] Unpersuaded, we reverse and remand for trial on the merits.

**DISCUSSION**

Petitioner contends that the district court erred as follows: (1) the district court abused its discretion by granting the Intervenors'/Respondent's motion for summary judgment after granting Petitioner's counsel seven days to file an amended response to Intervenors' motion; (2) the district court abused its discretion in denying

Petitioner's Rule 1-060(B) motion asserting that newly discovered evidence required the district court to set aside the order granting Intervenors'/Respondent's motion for summary judgment; and (3) Petitioner's former counsel's actions and/or omissions in failing to properly respond to the Intervenors' motion for summary judgment constituted excusable neglect requiring the order granting summary judgment to be set aside. [DS 6-7] Under the de novo standard of review applicable to our review of summary judgment orders, we reverse the district court's order granting summary judgment to Intervenors/Respondent (Issue 1) and remand this case for trial on the merits. Since the proposed disposition is dispositive of the appeal, we do not reach the merits of Issues 2 and 3.

"Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law . . . . We review these legal questions de novo." *Self v. United Parcel Serv., Inc.*, 1998-NMSC-046, ¶ 6, 126 N.M. 396, 970 P.2d 582 (citation omitted). "The movant need only make a prima facie showing that he is entitled to summary judgment." *Roth v. Thompson*, 113 N.M. 331, 334-35, 825 P.2d 1241, 1244-45 (1992) (citation omitted). "Upon the movant making a prima facie showing, the burden shifts to the party opposing the motion to demonstrate the existence of specific evidentiary facts which would require trial on the merits." *Id.* "On appeal, we examine the whole record for any evidence

that places a genuine issue of material fact in dispute." *Rummel v. Lexington Ins. Co.*, 1997-NMSC-041, ¶ 15, 123 N.M. 752, 945 P.2d 970 (citing *C & H Constr. & Paving, Co. v. Citizens Bank*, 93 N.M. 150, 158, 597 P.2d 1190 (1979). "In evaluating the pleadings and evidence, we will balance our determination in support of the parties' right to a trial on the issues." *Id.* (citing *Jacobson v. State Farm Mut. Auto. Ins. Co.*, 81 N.M. 600, 601, 471 P.2d 170, 171 (1970). "If we find a genuine controversy as to any material fact, summary judgment will be reversed and the disputed facts will be argued at trial." *Id.*

In this case, the district court granted summary judgment to the Intervenors, as joined by Respondent, solely because Petitioner's response to the motion was a legal memorandum and did not contain sworn affidavits or other testimony that specifically contradicted the "undisputed facts" set forth in the Intervenors' motion for summary judgment. [RP 119, 146, 233 ¶¶ 5-8, 249, ¶ 11] At the hearing on the motion, the district court "recognized that he had knowledge of several issues of material fact regarding indebtedness in the Intervenors' [m]otion for [s]ummary [j]udgment, but that he would not recognize them because Petitioner's [r]esponse was not in the correct form." [DS 5]

We agree with the district court's assessment that the Intervenors' motion for summary judgment, on its face, presents several issues of material fact. "Before entry

4

of an order granting summary judgment, the district court must assess whether, on the merits, the moving party satisfied the burden under Rule 1-056(C)." *Lujan v. City of Albuquerque*, 2003-NMCA-104, ¶ 18, 134 N.M. 207, 75 P.3d 423. We hold, therefore, that summary judgment is inappropriate, notwithstanding Petitioner's response.

The material issues of fact that appear on the face of Intervenors' motion for summary judgment include, for example, whether the funds and the property deeds Intervenors transferred to Respondent and Petitioner during their marriage, all or some of them, were gifts or loans. In particular, the Intervenors' exhibits appear to contradict, or at least do not particularly support, their assertions in the motion for summary judgment that all of the money and land transfers were not gifts. For example, the quitclaim deed regarding the transfer of the New Mexico lot, attached as exhibit 4 to Intervenors' motion for summary judgment, specifically provides that the transfer was made upon $0 consideration. [RP 131] In addition, the grant deed on the California property from Intervenors to Respondent and Petitioner, as joint tenants, reads for "$0" consideration with "GIFT-GRANTOR RECEIVED NO CONSIDERATION," on its face, appears to gift transfer all of the California property to Respondent and Petitioner as joint tenants rather than only a one-half interest, as Intervenors claim in their motion for summary judgment. [RP 129, 119 ¶ 5] The

5

other exhibits attached to the Intervenors' motion for summary judgment, which list the money transfers and the value of the New Mexico lot transfer, on their face, do not contain any indication that the transfers were loans rather than gifts. [RP 135, 140] As such, these documents appear to contradict, or at least do not particularly support, Intervenors' assertions in the motion for summary judgment regarding the legal nature of some, if not all, of the transfers. Perhaps Intervenors' view of the evidence will prevail, but internal conflicts do not support summary judgment.

Therefore, any agreement by Respondent and Petitioner to repay Intervenors would have to be embodied in an oral contract. In this regard, we agree with Petitioner's legal analysis in her response to the motion for summary judgment. [RP 147-48] The terms and conditions of any alleged oral contract and the partial or total performance thereof, remain material issues of fact precluding summary judgment. [Id.] In addition, the legal doctrine of the statute of frauds may or may not, therefore, play a part in the analysis depending on the resolution of these facts, precluding summary judgment at this time as a matter of law. Either way, it should be more fully developed than summary judgment allows.

Finally, we note that material issues of fact remain regarding the total amount Intervenors have asserted Respondent and Petitioner owe them in their motion for summary judgment. The order granting summary judgment to Intervenors states that

$233,559.76 is owed to Intervenors and this holding appears to be solely based on Intervenors' assertions in the motion for summary judgment and Petitioner's failure to contradict that amount in her response. [RP 232-235] Intervenors have not indisputably proven that the $233,559.76 amount is due. In this regard, we note that at the motions hearing, the district court judge attempted to verify how this amount was arrived at by questioning Respondent himself. [RP 183-186] This colloquy may improperly involve judicial fact finding outside the parameters of a ruling on a motion for summary judgment. In addition, even if this colloquy took place during adjudication of Petitioner's motion to enforce after the motion for summary judgment was granted, the issue of the total amount owed to Intervenors is an integral part of Intervenors' motion for summary judgment and the order derived therefrom. Hence, judicial fact finding on this issue improperly involves adjudication of an unresolved material issue of fact outside the parameters of a disposition on summary judgment. Further, based on this colloquy, it appears that the district court discovered that the $233,559.76 includes the $60,790.83 value of the New Mexico lot [RP 140], the remaining amount due under Intervenors' exhibit 5 to the motion for summary judgment ($111,763.55) [RP 135], plus "approximately $49,000 to $50,000 more which you think is interest." [RP 183-186] We note, however, that the district court's findings of fact and conclusions of law entered after the order granting the motion for

7

summary judgment on the $233,559.76 specifically state that Intervenors' claim of $60,790.83 for the New Mexico lot is void as a "bogus lien." [RP 253 ¶ 38]

In the memorandum Intervenors continue to argue that Petitioner's response to the motion for summary judgment was inadequate [MIO 2], thereby disregarding this Court's reliance on existing New Mexico law that clearly provides that, notwithstanding even an opposing parties' *complete* failure to respond, the district court must conclude, on the merits of the motion, that granting summary judgment to the moving party is appropriate. *Lujan,* 2003-NMCA-104, ¶ 18. The calendar notice indicated why this Court considered that on the face of the summary judgment motion and the record proper there remain material issues of fact and matters of law that make granting summary judgment to Intervenors/Respondent inappropriate.

In the memorandum, Intervenors also assert that the trial judge erred in granting Petitioner more time to respond but did not grant Intervenors time to respond to the discussion of allowing Petitioner additional time. [MIO 3] We regard this as all the more reason for reversing the granting of summary judgment.

Further, Intervenors contend that the gifts and loans are "clearly distinguished" from each other and the sum due and payable "clearly accounted for." [MIO 4] Intervenors argue that the legal and factual confusion as to the nature of the loans/gifts and the total sum due and owing that Petitioner portrayed in her docketing statement

are matters discussed outside the summary judgment hearing and thus not properly before the district court on summary judgment. [MIO 5] As set forth in the calendar notice, however, the confusion as to the whether the sums advanced were all or partially loans or gifts is evident on the face of Intervenors' motion for summary judgment. The district court's colloquy with Respondent as to the sum due and owing indicates that material issues of fact remain with regard to that amount. Respondent was present at the hearing even if Intervenors were not; and Respondent had joined Intervenors' motion for summary judgment. While the colloquy may represent inappropriate judicial fact finding on an issue that remains a material issue of fact, we are not persuaded that the district court engaged in inappropriate ex parte communication or judicial misconduct. [MIO 7-9] Rather, we remain persuaded that, even if this colloquy took place during adjudication of Petitioner's motion to enforce after the motion for summary judgment was granted, the issue of the total amount owed to Intervenors clearly remains disputed and as this amount is an integral part of Intervenors' motion for summary judgment and the order granting summary judgment derived therefrom, summary judgment seems improvidently granted.

Intervenors also state that the "appellate judge misread the grant deed" and that the "affidavit sets forth the transfers were loans." [MIO 6] We are still not persuaded that summary judgment is appropriate. To the extent the affidavit asserts the transfers

were loans when the deed equivocally shows otherwise, any agreement by Respondent and Petitioner to repay Intervenors would have to be embodied in an oral contract. In this regard, we agree with Petitioner's legal analysis in her response to the motion for summary judgment. [RP 147-48] The terms and conditions of any alleged oral contract and the partial or total performance thereof, remain material issues of fact precluding summary judgment. [Id.] In addition, the legal doctrine of the statute of frauds may or may not, therefore, play a part in the analysis depending on the resolution of these facts, precluding summary judgment at this time as a matter of law.

**CONCLUSION**

Under the circumstances, therefore, we hold that there remain material issues of fact regarding the legal nature of some or all the transfers, the existence of an oral contract, the applicability of the statute of frauds to the facts of this case, and the total amount due to Intervenors other than the stipulated amount of $87,000. Accordingly, because there remain unresolved material issues of fact and matters of law with regard to Intervenors' motion for summary judgment, we reverse the order granting the motion and remand for trial.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR**:

_____

**JONATHAN B. SUTIN, Judge**

_____

**TIMOTHY L. GARCIA, Judge**